## UNIVERSAL OIL PRODUCTS CO. v. STANDARD OIL CO. OF INDIANA.

### No. 121.

District Court, W. D. Missouri, W. D. Oct. 5, 1932.

James A. Reed and Charles W. German, both of Kansas City, Mo., for plaintiff.

R. R. Brewster, of Kansas City, Mo., and A. F. Reichmann, of Chicago, Ill., for defendant.

REEVES, District Judge.

The questions for decision arise on motions to dismiss two intervening bills. The interveners allege in separate bills that they were employed by the plaintiff in the original cause. Said action was a suit to establish the validity of a certain patent right employed in oil refining processes. It proceeded against the Standard Oil Company of Indiana. Infringement was charged.

From the two bills it appeared that said litigation assumed large proportions and created a heavy expense upon the litigants. The patent was so important that its establishment as valid and its utility as a process would make it a matter of great value to the owner.

It was alleged in the bill that the successful conduct of the litigation would create for the plaintiff a very valuable asset and would greatly add to its wealth. Such were the representations made to the interveners at the time of their employment. Upon such representations and because of the heavy expense involved in the litigation, the interveners agreed to aid in the prosecution of the litigation and in the end to receive such rewards as might be deemed equitable in view of the work done, recovery, and all surrounding cir-

cumstances. It is further alleged that they, with others, assumed the obligation of carrying on the litigation to a successful conclusion, with the agreement that all would be compensated at the end of the venture. The undertaking was characterized as a "joint adventure."

The interveners say that the litigation and the conduct thereof was successful, and that, by reason thereof, the plaintiff was able to acquire a large sum of money in cash by way of sales, compromises, and settlements with the defendant. Interveners further allege that the other persons interested with them have already participated in the results of the recovery and are no longer interested, but that the plaintiff, although holding large sums of money, has refused to compensate the interveners for the services rendered by them. They fix the value of their services at $1,000,-000.00 each.

Counsel for the plaintiff have moved for a dismissal of the intervening bills upon the several grounds that the contract alleged is uncertain and not enforceable; that the litigation has been terminated; and that, in consequence, the interveners have no right to proceed by intervention. Many other matters are urged but the foregoing is deemed sufficient for a decision.

1. It should be borne in mind that the interveners are suing for services alleged to have been rendered. The contract is not executory but fully executed, and recovery is sought thereon, so that the court is not dealing with the enforcement of an uncertain contract.

The interveners allege that they had a contract with the plaintiff to act as its attorneys in important litigation and that such services were rendered. It would be idle to say that, having performed the service, interveners should not be paid because the contract under which the services were rendered was too vague.

The plaintiff could not utilize and obtain the benefit of such services and thereafter decline to pay because of uncertainty in the original agreement. Neither could the plaintiff refuse to pay upon the grounds that there was uncertainty as to the amount. Without

doubt, the interveners would be entitled to compensation on the basis of quantum meruit. Such a view was entertained by the Supreme Court of Missouri in Mecartney v. Guardian Trust Co., 274 Mo. 224, 202 S. W. 1131.

2. Under circumstances like this the parties are not confined even to the estimates that might have been made in advance. In this case no estimates were made.

3. Although the words "joint adventure" were used in the bill, a full reading thereof discloses that this is simply a suit for attorneys' fees. Moreover, it is alleged that all the other parties involved in the original litigation have been satisfied in respect to their claims and that these interveners alone have not been compensated.

4. Objection is made to this particular mode of procedure. In State ex rel. Anderson v. Roehrig, 320 Mo. 870, 8 S.W.(2d) 998, the Supreme Court of Missouri permitted an intervention in a case almost identical with the facts in this case, save only that in the Roehrig Case the fund in question had been paid into court. In that case the court upheld the right of the attorney to enforce his lien against the recovery in the same action.

The same situation was presented in Kellogg v. Winchell, 51 App. D. C. 17, 273 F. 745, 16 A. L. R. 1159. In that case the court permitted an intervention such as in this case and indicated that it was the proper remedy. Also see Byram v. Minor et al. (C. C. A.) 47 F.(2d) 112.

Adverting to the Missouri cases, the Supreme Court of Missouri in Young v. Levine, 326 Mo. 593, 31 S.W.(2d) 978, held that in some cases an independent suit would be proper, but that in others it would be in order to intervene and secure the benefit of a summary proceeding.

Without passing on the question as to the merits of the claims, it is sufficient to say that the plaintiff's intervening petitions show a right of recovery, and the court is of the opinion that the procedure is proper.

The motions to strike the ancillary bills and the motion to dismiss the cause will be overruled. Plaintiff is granted fifteen days to plead further.