**In re CARPENTER (two cases).**
**Nos. 7368, 7369.**

District Court, M. D. Pennsylvania.
Nov. 18, 1933.

Elliott & Elliott, of Coudersport, Pa., for bankrupts.

W. F. Dubois, of Coudersport, Pa., for trustee.

JOHNSON, District Judge.

The facts presented by this petition are clearly stated in the following opinion of the learned referee:

"On October 19, 1931, Ruth B. Carpenter and Marion I. Carpenter were duly adjudged bankrupts, subsequently Art S. Burt was appointed trustee for both bankrupts and qualified accordingly and proceeded to sell the personal property of both bankrupts. It appears that the petitions were filed severally and not jointly, they being husband and wife. The bankrupts were and are seized of a farm consisting of 49 acres situate in Bingham township, Potter county, Pa., also a house and lot situate in Lewisville Boro, Potter county, Pa. That the land was deeded jointly to the bankrupts and therefore an estate in entirety is created.

"On January 26, 1933, the trustee presented a petition to the referee for an order to sell the above-mentioned real estate. A rule to show cause was granted why the prayer of the petitioner should not be granted. The bankrupts both filed answers and deny that the property is a part of the assets of the bankrupt estate; is individual, and that it cannot be sold for the debts of either, being an estate of entirety.

"Upon argument the counsel for the trustee maintains that under section 70a of the Act of Congress (11 USCA § 110 (a) which provides: that the 'trustee shall be vested by operation of law with the title of the bankrupt' (subdivision 5), 'property which prior to the filing of the petition, could by any means have transferred or which might have been levied upon and sold under judicial process against him.' And has offered in evidence two judgments entered in the court of common pleas of Potter county which were confessed by both of the bankrupts jointly, to wit, C. M. & R. Tompkins v. Ruth Carpenter and Marion Carpenter, No. 167 September term, 1931, Debt $310, also General Ice Cream Company of New York v. Ruth Carpenter and Marion Carpenter, No. 168 September term, 1931, debt $157.67. Upon both judgments writs of fi. fa. have been issued and levy made.

"Counsel for the bankrupts concedes that the real estate could be sold on either or both of the judgments, they being joint judgments and the estate in entirety liable, but earnestly contends that separate adjudication of Ruth B. Carpenter and Marion I. Carpenter is not a joint adjudication and that joint property or an entire estate is not liable.

"This question is not free from difficulty as upon extensive examination of the authorities, it does not seem to have been before the courts. It has been said that the test is simple and easily applied. (1) Could the property in question have been transferred? (2) or levied upon or sold under judicial process against the bankrupts? If so, it passes to the trustee. If not, it does not. Collier on Bankruptcy, p. 1082, and authorities there cited. 'The property which prior to the filing of the petition by the bankrupt could by any means be transferred is the property that could be transferred' to another lawfully under the same terms that he transfers it to the trustee, that is to say without consideration. The above phrase in quotation is the language of the statute. Now, there is no question but what the husband and wife could make, execute, and deliver a deed for the above lands mentioned and it would convey a good title. Therefore it falls within the words of the statute, 'which could by any means be conveyed.' If it could be levied upon and a sale by the sheriff under the judgments hereto-

fore mentioned (which it is conceded by counsel for the bankrupts could be done), then it falls again within the language of the statute. In either case it passes to the trustee. Pollack v. Meyer Bros. Drug Co. (C. C. A.) 233 P. 861. Both the husband and wife are bankrupts, and, by admission so filed, they so admit, and, by so doing, they place all their real, personal, and mixed property in the control and custody of the United States court who is represented by a trustee for the benefit of creditors. In this case the same trustee represents both even if separate petitions are filed. And it is admitted that there is not sufficient personal property to pay creditors without resorting to the real estate. Under the law, the trustee stands as an execution creditor.

"I am not unmindful of the Pennsylvania cases, especially Beihl v. Martin, 236 Pa. 519, 84 A. 953, 42 L. R. A. (N. S.) 555, but that is not analogous to this in that the husband was only bankrupt and the Supreme Court refused to allow his wife's interest in an estate of entirety to be sold for his debts. But this case is different here—not the wife alone or the husband, but both husband and wife are bankrupt. In all the cases cited, only one party has been bankrupt, so far as we are able to discover. Nowhere is there a parallel case cited like the one at bar. I am of the opinion it is futile to argue that the property of both parties (even though adjudged separately and severally) does not pass to the trustee, if it can be sold by virtue of judicial process or voluntarily conveyed by both which the Act of Congress makes the law. Then, the husband and wife, being regarded as one in law and having a community of interest, separate adjudication does not separate joint property, nor sever a community of interest and the interest of both is placed in the court for the benefit of creditors. The trustee takes all the property of both the bankrupts under section 70a (5) of the Bankruptcy Act, and, as such, it passes to and is vested in the trustee.

"And now, July 3, 1933. Rule Absolute.
"Harry W. Nelson, Referee.
"Exception to the bankrupt's counsel."

The judgment notes on which execution had issued were joint, having been signed by both bankrupts. Had the intervention of bankruptcy not occurred, it is admitted that the property held as tenants by entirety could have been sold under judicial process. Upon these facts, the referee reached the proper and only conclusion in view of the provisions of section 70a (5) of the Bankruptcy Act.

The very able opinion of the referee, setting forth the above facts, is adopted as the opinion of this court, and his order dated July 3, 1933, is hereby affirmed.