## In re PENNELL et al.

Nos. 19637, 19638.

District Court, W. D. Pennsylvania.

Nov. 26, 1935.

744

Alvin L. Little, of Bedford, Pa., for bankrupt.

B. F. Madore, of Bedford, Pa., for execution creditors.

D. C. Reiley, of Bedford, Pa., trustee.

Eben H. Pennell, of Bedford, Pa., referee.

SCHOONMAKER, District Judge.

Separate adjudications were made in the two above-entitled cases against the husband and wife. They held real estate and appurtenances by an estate in entireties.

Howard Cessna, the holder of a judgment recovered within four months, was proceeding to sell the estate held by these two bankrupties in entireties in an execution sale. A temporary restraining order was issued in the case to restrain him from proceeding with his judgment. Cessna answered, moving to dissolve the injunction, because the estate is held by entireties, and therefore cannot be reached by the trustee of either of the bankrupts.

In a similar case, District Judge Johnson, in the Middle District of Pennsylvania, held in a case of adjudication on separate petitions by husband and wife, the estate held by them in entireties passed to the trustee, ruling that when the interest of both in community property is held in court by an adjudication in bankruptcy, the trustee takes all the property of both bankrupts. In the Matter of Carpenter, Bankrupt (D.C.) 5 F.Supp. 101, 24 A.B.R. (N.S.) 264.

In a case involving the same situation, District Judge Coleman, of the District of Maryland, held that where separate petitions were filed by husband and wife, an adjudication was made, and the cases later consolidated, the property held by husband and wife in entireties went to the trustee and should be liquidated by him. In the Matter of Levi S. Utz et ux. (D.C.) 7 F.Supp. 612, 26 A.B.R.(N.S.) 302.

Our opinion is that when the estate of the husband and wife came into court on separate adjudications in bankruptcy, the trustee takes the estate held by them by entireties, but for convenience in administration, the two bankruptcy estates should be consolidated.

We, therefore, will deny the petition to dissolve the injunction, make the injunction permanent, and order the consolidation of the two estates, so that the trustee may proceed with the liquidation of the estates held by the parties in entireties. An order may be submitted accordingly.