Joseph M. THOMAS, et al., Appellees,

v.

Gordon PEYTON, Trustee, Appellant.

Peter M. Bunker, et al., Appellees,

v.

Gordon Peyton, Trustee, Appellant.

Nos. CA–01–742–A, CA–01–743–A.

United States District Court,
E.D. Virginia,
Alexandria Division.

Aug. 6, 2001.

Klinette Hunter Kindred, Law Offices of Robert Weed, Alexandria, VA, for Appellees.

H. Bradley Evans, Jr., Redmon, Peyton & Braswell, LLP, Alexandria, VA, for Appellant.

## MEMORANDUM OPINION

CACHERIS, District Judge.

Before the Court are two appeals from a decision of the bankruptcy judge denying the debtors' efforts to exempt their real

property held as tenants by the entireties from their individual creditors' claims. For the following reasons, the decision is REVERSED.

## I.

The two appeals before the Court raise similar issues and were treated jointly in the opinion below, which is reported at *In re Thomas*, 261 B.R. 848 (Bankr.E.D.Va. 2001). This opinion likewise considers both appeals.

Appellants Joseph Thomas and Myrtle Thomas (jointly "the Thomases") voluntarily filed a joint petition in Chapter 7 bankruptcy on June 27, 2000. They sought to preclude the trustee, Gordon P. Peyton, who is the Appellee in this case, from selling their house for the benefit of their creditors. They have at least $240,000 in equity in that house, which they hold as tenants by the entirety. The equity calculation is based on Mrs. Thomas's estimate of the property's current market value of $250,000 minus a lien secured on the house totaling $7,600. The Thomases have in excess of $80,000 in unsecured debt; none of those claims is a joint claim of both husband and wife.

On Schedule C to the petition in bankruptcy, the Thomases each claimed an exemption for their real property under § 522(b)(2)(B) of the Bankruptcy Code. 11 U.S.C. § 522(b)(2)(B). The trustee objected, asserting that the exemption is not available when husband and wife file a joint petition in bankruptcy. In a Memorandum Opinion, the bankruptcy judge denied the exemption on March 29, 2001. The judge also granted the trustee's motion to substantively consolidate the estates of Mr. and Mrs. Thomas in the bank-

ruptcy proceeding. The Thomases then filed this appeal.

Appellants Peter Bunker and Michelina Bonanno (jointly "the Bunkers") voluntarily filed a joint petition in Chapter 7 bankruptcy on June 26, 2000. They likewise sought to preclude the trustee, Gordon P. Peyton, from selling their house for the benefit of their creditors. They have at least $81,088 in equity in that house, which they hold as tenants by the entirety. The equity calculation is based on their estimate of the property's current market value of $215,300 minus liens secured on the house totaling $134,212. The Bunkers owe fifteen unsecured creditors $48,896; none of those claims is a joint claim of both husband and wife.

On Schedule C to the petition in bankruptcy, Appellant Bunker claimed the § 522(b)(2)(B) exemption for the real property. 11 U.S.C. § 522(b)(2)(B). As with the Thomases, the trustee objected, asserting that the exemption is not available when husband and wife file a joint petition in bankruptcy. The bankruptcy judge denied the exemption on March 30, 2001. The Bunkers then filed this appeal. Thereafter, on April 10, 2001, pursuant to Bankruptcy Rule 1009(a), Schedule C was amended to include Appellant Bonanno's claim to an exemption for the real property under § 522(b)(2)(B).[1]

## II.

The "[g]rant or denial of a claimed exemption is a final appealable order from a bankruptcy proceeding." *Sumy v. Schlossberg*, 777 F.2d 921, 923 (4th Cir.1985). Federal Bankruptcy Rule 8013 provides that on appeal, the district

---

1. The bankruptcy judge's opinion did not address specifically whether Ms. Bonanno was entitled to the exemption, because she had not yet claimed it when the opinion was is-

sued. However, the Court assumes for the sake of this opinion that, as with the Thomases and her husband, Mr. Bunker, the exemption would have been denied.

court may affirm, modify, remand with instructions for further proceedings, or reverse a bankruptcy judge's judgment. Fed. R. Bankr.P. Rule 8013 (West 2001). The district court reviews the bankruptcy court's findings of fact under the clearly erroneous standard. *Id.* However, conclusions of law are reviewed *de novo*. *In re Johnson*, 960 F.2d 396, 399 (4th Cir.1992).

## III.

The opinion below concluded, as a matter of law, that the claimed exemption did not apply to the facts in these cases, although those facts are not identical. Notably, in the Thomas case the bankruptcy judge found that substantive consolidation of the individual bankruptcy cases was merited; the trustee has not sought substantive consolidation in the Bunker case.[2] In addition, as noted above, both Mr. and Mrs. Thomas claimed the § 522(b)(2)(B) exemption on Schedule C from the start; while Mr. Bunker did so, Ms. Bonanno did not initially do so.

### *Validity of the Exemptions*

The main legal issue presented by this case is whether, with reference to Virginia law that defines the nature of the tenancy by the entireties, the exemptions can properly be claimed by both spouses when both are in bankruptcy but no joint creditors are present. If the exemptions are proper, then the individual creditors for each debtor cannot reach the real property, because the interest of the other debtor acts to bar their claim. However, if, as the bankruptcy judge concluded, the exemptions are limited and not effective against the trustee in a joint case, then the trustee may administer the entireties property. The question then becomes how he may administer the property, *i.e.*, for the benefit solely of joint creditors, or for joint *and individual* creditors alike.

The availability of the exemptions turns on whether the property was "exempt from process under applicable nonbankruptcy law." 11 U.S.C. § 522(b)(2)(B). Property law in general, and the law of co-tenancies in particular, are creatures of state law. Thus, "applicable nonbankruptcy law" refers to the applicable Virginia law of tenancy by the entirety. In Virginia, each spouse is the owner of the entire estate that is held in a tenancy by the entirety. *Smith v. Smith*, 200 Va. 77, 81, 104 S.E.2d 17, 21 (1958). It is an "elemental" principle of Virginia common law that "real property held as tenants by the entireties is exempt from the claims of creditors who do not have joint judgments against the husband and wife. *Vasilion v. Vasilion*, 192 Va. 735, 740, 66 S.E.2d 599, 602 (1951)." *Rogers v. Rogers*, 257 Va. 323, 326, 512 S.E.2d 821, 822 (1999). It is this basic principle that guides the Court in assessing whether the bankruptcy judge properly denied the exemption.

As a general rule, when a debtor declares bankruptcy, his or her undivided interest in any property held by the entireties becomes part of the bankruptcy estate and control is transferred to the trustee. *In re Ford*, 3 B.R. 559, 570 (Bankr.D.Md. 1980), *aff'd sub nom. Greenblatt v. Ford*, 638 F.2d 14, 15 (4th Cir.1981). A joint petition for bankruptcy, filed by husband and wife, creates two individual bankruptcy estates. 11 U.S.C. § 302(a). Unless the two estates are substantively consolidated by the court, the legal rights and obligations of the debtors, creditors, and trustee remain distinct. *See Reider v. FDIC (In re Reider)*, 31 F.3d 1102, 1109 (11th Cir.1994).

---

**2.** At oral argument on the appeal, the trustee indicated that because Ms. Bonanno has now claimed the exemption, the trustee will seek substantive consolidation.

■ Federal and state laws permit debtors to exempt certain property from being used to satisfy creditors' claims. 11 U.S.C. § 522(b). The trustee has the general power to administer any property that is not exempted. *See Sumy v. Schlossberg*, 777 F.2d 921, 923–24 (4th Cir.1985). The bankruptcy judge below correctly observed that if both spouses holding property as a tenancy by the entireties are before the bankruptcy court, the bankruptcy estate holds the entire fee simple interest. 261 B.R. at 852. If the debtors do not claim the statutory exemptions, the trustee administering the estate has full power to sell or otherwise dispose of the entireties property, just as the debtors acting jointly did before their bankruptcy. 261 B.R. at 854 n. 10. The Bankruptcy Code is silent as to whether two spouses filing for Chapter 7 bankruptcy, jointly, can claim the exemption. The bankruptcy judge answered that question in the negative, finding that in such a case, because the trustee possesses the entireties interests of both spouses, he "may, just as the spouses could before bankruptcy, unite the two interests in the execution of a single deed and thereby convey the property to a third party." *Id.* at 855. Thus, the bankruptcy judge concluded when both spouses have filed for bankruptcy, their entireties property is not exempt and may be administered by the trustee. *Id.* at 856.

■ The bankruptcy judge then considered how the entireties property should properly be administered by the trustee, that is, only for the benefit of joint creditors or for the benefit of all creditors. The debtors noted several cases that appear to limit the trustee's power to convey entireties property to satisfy *joint* obligations only. *See, e.g., Reid v. Richardson*, 304 F.2d at 355 ("the entireties property is an asset of the consolidated estate *and may be sold to satisfy the claims of all creditors*

*holding joint obligations of the bankrupt* ") (emphasis added). However, as the bankruptcy judge observed, that statement in *Reid* should be read in the case's context, which involved only joint creditors; no individual creditor sought payment from the entireties property. 261 B.R. at 858. Indeed, noting that the court in *Reid* stated that the trustee held the "full quantum of the estate," 304 F.2d at 355, the bankruptcy judge speculated that the *Reid* court would have allowed satisfaction of the claims of *individual* creditors from the entireties estate. *Id.* at 858–59.

The bankruptcy judge further found that because, when both spouses are jointly before the bankruptcy court, the trustee has all the rights of a hypothetical lien creditor under 11 U.S.C. § 544, the trustee is, in effect, their joint creditor. 261 B.R. at 855–856. Entireties property is not exempt from the claims of joint creditors. *Id.* at 856. The bankruptcy judge therefore concluded that because the trustee holds the "full quantum of the estate," *id.* at 859 (*quoting Reid*, 304 F.2d at 355), the trustee can enforce individual creditors' claims against the entireties property. *Id.* at 856–60.

The opinion below quotes extensively from three pre-Bankruptcy Code district court cases that addressed the status of entireties property in a joint bankruptcy. *In re Utz*, 7 F.Supp. 612 (D.Md.1934); *In re Carpenter*, 5 F.Supp. 101 (M.D.Pa.1933); *In re Pennell*, 15 F.Supp. 743 (W.D.Pa. 1935). None of the cases presents precisely the instant fact situation. While *Utz* suggests that entireties property may be used to satisfy joint and individual creditors, a more recent case in the same district found that where both spouses are in bankruptcy, individual creditors of one of them cannot reach the entireties property. *In re Giles*, 222 B.R. 766, 769 (Bankr.

D.Md.1998). *Carpenter* involved two judgment debts which had been "signed by both bankrupts." 5 F.Supp. at 101. Finally, while *Pennell* also appears to support the holding below, the Third Circuit has since expressly reserved the question of how § 522(b)(2)(B) would be interpreted in a case where there were no joint creditors. *Napotnik v. Equibank and Parkvale Savings Assn.*, 679 F.2d 316, 321 n. 12 (3d Cir.1982). Moreover, *Pennell* is an old case from another district, and as such is entitled to limited weight. Similarly, the case of *Ragsdale v. Genesco, Inc. (In re Ragsdale)*, 9 B.R. 991, 993 (Bankr.E.D.Va. 1981), *aff'd*, 674 F.2d 277, 279 (4th Cir. 1982), does not support the opinion below. The Fourth Circuit has indicated that *Ragsdale* stands for the proposition that entireties property is available "solely for the benefit of joint creditors." *In re Ballard*, 65 F.3d 367, 371 (4th Cir.1995).

Both the Thomases and the Bunkers challenge the bankruptcy judge's legal analysis as eviscerating the statutory exemptions.[3] If the trustee can unite the spouses' interests in the entireties property and sell it to satisfy individual creditors, they argue, the legal protection given to entireties property under Virginia law disappears. In other words, the fact that the spouses jointly could sell their entireties property prior to their bankruptcy does not logically mean the trustee can do the same, simply because he holds both of their interests in the property. If the statutory exemptions are to be meaningful, they assert, they must apply equally when only one spouse is before the bankruptcy court and when both spouses are. If an individual creditor could not reach the entireties property before the bankruptcy, it should likewise not be able to reach the property after the petition is filed. The Court finds that this is the more persuasive view of the law.

As stated above, the Court is guided in its analysis by Virginia's strong common law rule protecting entireties property from the claims of individual creditors. The bankruptcy judge recognized that Virginia law is clear on this point. 261 B.R. at 854. "The commencement of a joint bankruptcy case does not disrupt a debtor's co-ownership of property as a tenant by the entireties." *Ballard*, 65 F.3d at 372. Even after entireties property is sold, the proceeds from the sale will be held as entireties property. *Oliver v. Givens*, 204 Va. 123, 127, 129 S.E.2d 661, 663 (1963); *see also In re Zella*, 196 B.R. 752, 754 (Bankr.E.D.Va. 1996). It is clear that the law seeks to preserve entireties property as such. The enduring quality of property as entireties property shields it from individual creditors' claims before the bankruptcy process begins. In the absence of a clear statutory instruction to disregard the exempt quality of entireties property after a joint bankruptcy commences, the Court will not do simply because the trustee administers an estate containing both spouses' undivided interests in the property.

Likewise, the statutory exemption applies to any pre-bankruptcy entireties property interest held by the debtor to the extent that the interest "is exempt from process under applicable nonbankruptcy law." 11 U.S.C. § 522(b)(2)(B). The bankruptcy judge suggested, however, that because the trustee stands in the position of a hypothetical judgment lien creditor under the bankruptcy statute, the exemption is not effective against him. However, the trustee's status as a joint lien creditor

---

**3.** At oral argument on the appeal, in response to the Court's question, the trustee acknowledged that, given the scenario at bar, the bankruptcy judge's analysis renders the exemptions "meaningless."

depends upon the operation of the Bankruptcy Code, and 11 U.S.C. § 544, which makes the trustee, in effect, a couple's joint creditor, is not "applicable nonbankruptcy law." The statutory exemption provision focuses on the property interest held by the debtor "before the commencement of the case," 11 U.S.C. § 522(b)(2)(B), that is, before the trustee gains the rights of a creditor by operation of law. Thus, the trustee's status under § 544 cannot defeat the statutory exemption.

The Court acknowledges the legitimate policy concern expressed by the bankruptcy judge: that if the debtors are allowed to claim the entireties exemption, they "are relieved from the burdens of their debts but retain the benefit of their entireties property." 261 B.R. at 854. But the Court is also cognizant that the bankruptcy judge's preferred rule provides an incentive for a married couple's individual creditors to force both spouses into involuntary Chapter 7 bankruptcy, whereupon their respective interests in their entireties property will pass to the trustee to be administered for the benefit of joint and individual creditors alike. Given the strong protections afforded entireties property under the applicable nonbankruptcy law, i.e., Virginia law, the Court finds that the § 522(b)(2)(B) exemption must remain available to both spouses when they have filed a joint petition in Chapter 7 bankruptcy. Once husband and wife properly claim the exemption, the trustee may not administer their entireties property for the benefit of their individual creditors.

### Substantive Consolidation

 The bankruptcy judge also ordered substantive consolidation of the Thomases' separate estates. When spouses file a joint petition for bankruptcy, the separate estates are administratively consolidated for convenience and efficiency but they remain legally distinct for purposes of satisfying creditors' claims. Substantive consolidation, by contrast, creates a single estate from the two individual estates. The bankruptcy judge applies two basic tests to determine whether to substantively consolidate the estates. First, he examines whether the debtors' financial affairs were so intermingled that it would be difficult to disentangle them, or that it would be unfair to creditors to treat them as separate estates. Second, he looks for an equitable balance of prejudice to the creditors if the estates are consolidated. If he determines that substantive consolidation is warranted, the two estates become one estate for purposes of paying all creditors.

The bankruptcy judge determined that the Thomases' estate should be substantively consolidated. Evidence produced during an examination of Mrs. Thomas revealed that the couple's financial affairs were generally conducted jointly, with most income being placed in a joint account. The bankruptcy judge found that although the credit card obligations were not joint, the cards "appear to have been used for routine household expenses that benefitted both spouses and to have been paid from the joint checking account, without regard to the identity of the individual obligor." 261 B.R. at 865. The judge found no harm to the creditors from substantive consolidation. *Id.*

The trustee argues that substantive consolidation of the estates vests in the trustee the four unities—time, title, identity of interest, and possession—that characterize entireties property. Thereupon, the trustee has full authority to administer the estate. *See Reid,* 304 F.2d at 355. Case law generally supports the trustee's basic argument, *see, e.g., Greenblatt v. Ford,* 638

F.2d 14, 15 (4th Cir.1981), but no case law specifically supports the contention that substantive consolidation allows the trustee to pay the individual creditors as well as the joint creditors.

Because, as the Court has found, the debtors' exemptions are effective against the trustee, individual creditors' claims may not be satisfied from the entireties estate. Given that these cases involve only individual creditors who will not be paid from the entireties property in any event, the Court need not determine whether substantive consolidation was proper.

### IV.

The argument made by the bankruptcy judge is carefully reasoned and not an illogical extension of the Fourth Circuit's various holdings. However, no Fourth Circuit precedent precisely supports the bankruptcy judge's conclusions. Moreover, those conclusions fly in the face of Virginia's general rule that property held as a tenancy by the entirety is not subject to attachment by individual creditors. In light of the respect that should be accorded to state property law, *see Reid,* 304 F.2d at 353, as well as the rule that statutes creating debtors' exemptions must be construed liberally, *see In re Nguyen,* 211 F.3d 105, 110 (4th Cir.2000), the better conclusion is that the debtors should each have been permitted to claim the exemptions under § 522(b)(2)(B).

For the foregoing reasons, the decision of the bankruptcy judge is REVERSED. The matter is remanded to the Bankruptcy Court for further proceedings not inconsistent with this opinion.