In re David John JORCZAK and
Deborah Ann Jorczak,
Debtors.

No. 99–33729(LMW).

United States Bankruptcy Court,
D. Connecticut.

Sept. 22, 2004.

David F. Falvey, Esq., Groton, CT, for Debtors.

Richard Belford, Esq., New Haven, CT, Chapter 7 Trustee.

*MEMORANDUM OF DECISION RE-GARDING DEBTORS' OBJEC-TIONS TO PROOFS OF CLAIMS # 2, 3, 4, 6, 7, 8, 9, 10, 12 AND 13*

LORRAINE MURPHY WEIL, Bankruptcy Judge.

This matter raises in a somewhat unusual context the issue of when does a filed

proof of claim "constitute[ ] prima facie evidence of the validity and amount of the claim" (the "Presumption") within the purview of Rule 3001(f) of the Federal Rules of Bankruptcy Procedure, or otherwise establish a *prima facie* case. This is a core proceeding within the purview of 28 U.S.C. § 157(b). This memorandum constitutes the findings of fact and conclusions of law to the extent mandated by Rule 7052 of the Federal Rules of Bankruptcy Procedure (made applicable to this contested matter by Rule 9014 of the Federal Rules of Bankruptcy Procedure).

## I. BACKGROUND

The above-captioned debtors (the "Debtors") commenced this joint chapter 7 case by a petition (included in Doc. I.D. No. 1) filed on August 25, 1999.[1] The Debtors filed a full set of schedules (included in Doc. I.D. No. 1, the "Schedules") with the petition. The chapter 7 trustee then serving in this case (the "Former Trustee") filed a Trustee's Report of No Distribution on September 30, 1999. (Doc. I.D. No. 4.) Mrs. Jorczak filed a reaffirmation of a debt to Sears on November 12, 1999. (Doc. I.D. No. 6.) The Debtors received their chapter 7 discharges on December 7, 1999. (Doc. I.D. No. 7.) The case was closed on December 15, 1999. (Doc. I.D. No. 9.)

Some time in 2003, Mr. Jorczak's mother was admitted into a convalescent home. (*See* Doc. I.D. No. 10 (the "Motion To Reopen").) In connection with that process, Mr. Jorczak learned that, on or about November 14, 1995, his mother had quitclaimed to him title to certain real property (the "Property") located at 198 Main

---

1. The Debtors were then and are now represented by counsel.

Street, Baltic, Connecticut.[2] Because Mr. Jorczak had been unaware of his interest in the Property in 1999, he had not listed the Property as an asset in the Schedules or otherwise disclosed it to the Former Trustee. Accordingly, the Debtors filed the Motion To Reopen on October 3, 2003 in order to amend the Schedules to list the Property as an asset. The Motion To Reopen was granted by order entered on October 31, 2003 (Doc. I.D. No. 13), and a new chapter 7 trustee (the "Trustee") was appointed (Doc. I.D.Nos. 14, 22). The Debtors filed amended Schedules A and C (Doc. I.D. No. 15, the "First Amended Schedules") on November 25, 2003. The First Amended Schedules listed the Property as a "joint" asset with a stated value of $136,000 and claimed a homestead exemption with respect to it. (*See* Doc. I.D. No. 15.) The Debtors filed the Second Amended Schedules on January 5, 2004. Among other things, the Second Amended Schedules listed the Property with a stated value of $136,000.00 as solely owned by Mr. Jorczak[3] and reiterated (and enlarged) his claim of exemption with respect to the Property. (*See* Doc. I.D. No. 25.) That claimed exemption was disallowed by an order entered on February 25, 2004. (*See* Doc. I.D. No. 27.) The Trustee filed a report of assets in this case and creditors were notified that proofs of claim were to be filed (if at all) on or before March 1, 2004. (*See* Doc. I.D. No. 16.) Treating the estates as substantively consolidated (which they are not)[4], and without regard to the timeliness of filing, proofs of claim (collectively, the "Proofs of Claim") have been filed in this case in the aggregate

amount of $63,611.18. (*See* Claims Register.) Of those filed claims, claims in the stated amount of $9,248.05 have been disallowed by prior order of this court. (*See* Doc. I.D. Nos. 51 and 52), leaving potentially "live" claims against the "consolidated" estates in the aggregate amount of $54,363.13.

## II. *THE OBJECTIONS*

The Debtors have filed objections to certain of the Proofs of Claim. The Trustee has not filed any such objections, nor has the Trustee participated in these contested matters (except to the limited extent noted below). The Debtors' objections (including the Brief (as that term is defined below), collectively, the "Objections") are described below.

Objection to Proof of Claim # 2 [filed by Citi Card] (Doc. I.D. No. 30, the "Citi Card Objection") states as follows:

[T]he Debtor, David J. Jorczak disputes that he owes the debt, 0361364458683. The account number of the creditor is not listed in the debtor's bankruptcy petition[5] and the creditor has not provided sufficient information or documentation with its Proof of Claim that would warrant a finding that this is a valid claim of Citi Cards as against the debtor, David J. Jorczak. More specifically, the creditor, Citi Cards, has not provided a copy of the original contract as an attachment to its Proof of Claim. The only asset of this bankruptcy estate is the asset of the husband, David J. Jorczak, and as such, this asset is not subject

---

**2.** The Property appears to be unencumbered by any mortgage. (*See* Doc. I.D. No. 25 (Amended Schedules A, B and C, the "Second Amended Schedules").)

**3.** (*Cf.* First Amended Schedules (Schedule A (Schedule of Real Property).)) That change

apparently was made in response to an objection by the Trustee. (*See* Doc. I.D. No. 18.)

**4.** *see* discussion in part III.A, *infra*.

**5.** In fact, the Schedules do list that account number. *See* part III.B.2.a, *infra*.

to the claims of Deborah Jorczak's creditors.

(Doc. I.D. No. 30.)

Objection to Proof of Claim #3 [filed by Bank of America] (Doc. I.D. No. 31, the "Bank of America Objection") states as follows:

[T]he Debtor, David J. Jorczak, disputes that he owes this debt, 5417061312300005. The creditor, Bank of America, has not provided sufficient information or documentation with its Proof of Claim that would warrant a finding that this is a valid claim of Bank of America as against the debtor, David J. Jorczak because a copy of the original contract was not attached to its Proof of Claim.

(Doc. I.D. No. 31.)

Objection to Proof of Claim #4 [filed by Fleet National Bank] (Doc. I.D. No. 32, the "Fleet Objection") states as follows:

[T]he Debtor, David J. Jorczak, disputes that he owes this debt, 73472381612160. The creditor, Fleet National Bank, has not provided sufficient information or documentation with its Proof of Claim that would warrant a finding that this is a valid claim of Fleet National Bank as against the Debtor, David J. Jorczak because a copy of the original contract was not attached to its Proof of Claim. Further, according to the documentation provided by the Fleet National Bank, debt, [sic] 73472381612160, appears on the face of creditor's documentation to be a debt of the wife, Deborah A. Jorczak. The only asset of this bankruptcy estate is the asset of the husband, David J. Jorczak, and as such, this asset is not subject to the claims of Deborah Jorczak's creditors.

(Doc. I.D. No. 32.)

Objection to Proof of Claim #6 [filed by B–Line, LLC ("B–Line")] (Doc. I.D. No. 34, the "First B–Line Objection") states as follows:

[T]he Debtor, David J. Jorczak, disputes that he owes this debt, 4266869995049532. The creditor, B–Line, LLC, has not provided sufficient information or documentation with its Proof of Claim that would warrant a finding that this is a valid claim of B–Line, LLC as against the debtor, David J. Jorczak because a copy of the original contract was not attached to its Proof of Claim. Further, according to the documentation provided by B–Line, LLC, debt, [sic] 4266869995049532, appears on the face of creditor's Proof of Claim and documentation to be a debt of the wife, Deborah A. Jorczak. The only asset of this bankruptcy estate is the asset of the husband, David J. Jorczak, and as such, this asset is not subject to the claims of Deborah Jorczak's creditors.

(Doc. I.D. No. 34.) Except for the account number (#4366133055298862) and the amount of the debt, Objection to Proof of Claim #7 [filed by B–Line] (Doc. I.D. No. 35, the "Second B–Line Objection") is identical to the First B–Line Objection. Except for the account number (#5424426003313479) and the amount of the debt, Objection to Proof of Claim #8 [filed by B–Line] (Doc. I.D. No. 36, the "Third B–Line Objection") is identical to the First B–Line Objection and the Second B–Line Objection. Proof of Claim No. 6 was amended by Proof of Claim No. 13 filed on March 26, 2004. Although the First B–Line Objection did not object to Proof of Claim No. 6 as amended, the Brief did. (*See* Doc. I.D. No. 57, collectively with the First B–Line Objection, the "Amended First B–Line Objection.") Similarly, Proof of Claim No. 7 was amended by Proof of Claim No. 12 on March 26, 2004. Although the Second B–Line Objection did not object to Proof of Claim No. 7

as amended, the Brief did. (*See* Doc. I.D. No. 57, collectively with the Second B–Line Objection, the "Amended Second B–Line Objection.")

Objection to Proof of Claim # 9 [filed by Citibank, N.A.] (Doc. I.D. No. 37, the "First Citibank Objection") states as follows:

> [T]he Debtor, David J. Jorczak, disputes that he owes this debt, 9572. The creditor, Citibank, N.A., has not provided sufficient information or documentation with its Proof of Claim that would warrant a finding that this is a valid claim of Citibank, N.A. as against the debtor, David J. Jorczak because a copy of the original contract was not attached to its Proof of Claim. The only asset of this bankruptcy estate is the asset of the husband, David J. Jorczak, and as such, this asset is not subject to the claims of Deborah Jorczak's creditors.

(Doc. I.D. No. 37.) Except for the account number (# 0081) and the amount of the debt, Objection to Proof of Claim # 10 [filed by Citibank, N.A.] (Doc. I.D. No. 38, the "Second Citibank Objection") is identical to the First Citibank Objection.

The Objections (other than those addressing Proofs of Claim Nos. 12 and 13) were scheduled for a hearing (the "Hearing") on April 21, 2004 and the relevant creditors (the "Creditors") were so notified. None of the Creditors appeared at the Hearing.[6] At the Hearing, the court requested that the Debtors submit a brief in support (Doc. I.D. No. 57, the "Brief") and continued the Hearing (the "Continued Hearing") to June 9, 2004. Notice was given of the same to the Creditors. (*See* Doc. I.D. No. 55.)[7] The Debtors filed the Brief on May 25, 2004 (*see* Doc. I.D.

No. 57), and it was served upon the Creditors. The Debtors and the Trustee appeared at the Continued Hearing but none of the Creditors appeared. At the Continued Hearing, counsel for the Debtors requested a determination of whether any of the relevant Proofs of Claim were entitled to the Presumption. Counsel asserted that if the Presumption did not apply, non-appearance by the relevant Creditor warranted disallowance of the claim but, if the Presumption did apply, counsel conceded that the Debtors must overcome the Presumption with an evidentiary showing. At the conclusion of the Continued Hearing, the court took the Objections under advisement.

### III. ANALYSIS

#### A. Standing of the Debtors To Object to the Proofs of Claim

The standing of the Debtors to object to the Proofs of Claim has not been questioned. However, the court deems it appropriate to address the matter.

 If the estate is insolvent, the chapter 7 debtor ordinarily lacks standing to object to proofs of claim. *In re Olsen,* 123 B.R. 312, 313 (Bankr.N.D.Ill.1991) ("It is well established ... that an insolvent debtor is not a party in interest within the meaning of [Bankruptcy Code] § 502(a) because the debtor has no pecuniary interest in the distribution of his/her assets among creditors."). However, if there is a sufficient possibility that the estate is solvent and will yield a surplus to the debtor, the chapter 7 debtor has standing to object to proofs of claim. *Id.* See also *In re Willard,* 240 B.R. 664, 668 (Bankr.D.Conn. 1999) (Krechevsky, J.). Here, there is an asset with a claimed value of $136,000.00

---

6. The Trustee appeared at the Hearing and advised the court that, in addition to the notice provided by the Debtors in respect of the Hearing, he sent a letter to each Creditor specifically calling their attention to the Hearing.

7. That notice did not refer to Proofs of Claim Nos. 12 and 13. (*See id.*)

and, at most, there are potential claims against it of only about $55,000.00. Accordingly, there is a sufficient possibility of a surplus to the Debtors to give them standing to object to the Proofs of Claim.

■■■ However, the estates of these Debtors are not consolidated. Rather, there are two separate estates: the estate of Mr. Jorczak; and the estate of Mrs. Jorczak.[8] The estate of Mr. Jorczak is funded by the Property; the estate of Mrs. Jorczak appears to be unfunded (*i.e.*, a no-asset estate). A fair reading of the Objections is that they are objections by Mr. Jorczak only to claims against *his* estate rather than objections to claims against either or both estates. Accordingly, the court will treat the Objections on that limited basis.[9]

### B. *Proofs of Claim and the Presumption*

#### 1. *Legal Background*

■■■ An allowed unsecured claim can be obtained in a chapter 7 case only pursuant to a filed proof of claim. Fed. R. Bankr.P. 3002(a) ("An unsecured creditor ... must file a proof of claim ... to be allowed ...."). Accordingly, two questions must be answered in order to resolve these matters. First, was a "proof of claim" filed with respect to the relevant claim? Second, if a "proof of claim" was filed with respect to the relevant claim, does that "proof of claim" raise the Presumption or has a *prima facie* case otherwise been established? With respect to the first question, a writing constitutes a "proof of claim" only if it contains a demand for payment on the debtor's estate and expresses an intent to hold the debtor liable for the relevant debt. *United States v. Braunstein (In re Pan)*, 209 B.R. 152, 155 (D.Mass.1997). When the official form for a "proof of claim" is used, the standard for satisfying the foregoing is not stringent.

■■■ With respect to the Presumption, this court adopts the following discussion of the conditions which must exist for

---

**8.** As noted above, this case was commenced by the filing of a joint petition by the Debtors under Bankruptcy Code § 302.

A joint petition does nothing more than simultaneously commence two individual cases .... [When a joint petition is filed] two separate bankruptcy estates-the husband's and the wife's-are created. A joint petition more readily permits the two estates to be administered [i.e., a joint administration] by one trustee, but, unless substantively consolidated, does not affect the legal rights or obligations of the debtors, the creditors or the trustee. *Reider v. FDIC (In re Reider)*, 31 F.3d 1102, 1109 (11th Cir.1994); *In re Olien*, 256 B.R. 280, 283 (Bankr.E.D.Tenn.2000); *In re McKenzie Energy Corp.*, 228 B.R. 854, 874 (Bankr.S.D.Tex.1998); *In re McCulley*, 150 B.R. 358, 360 (Bankr.M.D.Pa.1993); *Matter of Stuart*, 31 B.R. 18, 19 (Bankr.D.Conn. 1983); 2 Collier on Bankruptcy ¶ 302.01[1], at 302–3 (15th ed. rev.2000). A joint petition is a mere procedural convenience for the debtors, creditors and trustee.

*In re Thomas*, 261 B.R. 848, 853 (Bankr. E.D.Va.), *rev'd on other grounds*, 274 B.R. 450 (E.D.Va.2001), *aff'd*, 312 F.3d 145 (4th Cir. 2002). "Most importantly, [in the absence of substantive consolidation] the separate property of one spouse cannot be used to pay debts of the other spouse." 2 Alan N. Resnick and Henry J. Sommer, *Collier on Bankruptcy* ¶ 302.02[1][b], at 302–7—302–8 (15th ed. rev.2004) ("*Collier on Bankruptcy*"). *Cf. In re Blair*, 226 B.R. 502, 505 (Bankr.D.Me.1998)("Conversely, substantive consolidation effects a merger of the consolidated debtors' estates, which creates a single estate that is recognized throughout the remaining bankruptcy process.") (citation and internal quotation marks omitted). Substantive consolidation can be effectuated only by court order (*see Collier on Bankruptcy* ¶ 302.06, at 302–19—302–20) and no such order has been issued (or sought) in this case.

**9.** However, for the sake of convenience, the court will continue to refer to the objecting party as the "Debtors."

the Presumption to arise with respect to a "proof of claim" and the effect of the Presumption's existence or non-existence or other failure by the claimant to establish a *prima facie* case:

A proof of claim, if it is executed and filed in accordance with the Federal Rules of Bankruptcy Procedure, constitutes *prima facie* evidence of the validity and amount of that claim, Fed. R. Bankr.P. 3001(f), and is deemed allowed unless a party in interest objects under 11 U.S.C. § 502(a). A proof of claim, however, does not qualify for that *prima facie* evidentiary effect if it is not executed and filed in accordance with the Bankruptcy Rules. *See First Nat'l Bank of Fayetteville v. Circle J. Dairy (In re Circle J Dairy, Inc.),* 112 B.R. 297, 300 (W.D.Ark.1989). Rule 3001 generally sets forth the requirements for filing a proof of claim, and one of those requirements states that:

when a claim ... is based on a writing, the original or a duplicate shall be filed with the proof of claim. If the writing has been lost or destroyed, a statement of the circumstances of the loss or destruction shall be filed with the claim. Fed. R. Bankr.P. 3001(c).

. . . . .

Hence, the burden of persuasion under the bankruptcy claims procedure always lies with the claimant, who must comply with Fed. R. Bankr.P. 3001 by alleging facts in the proof of claim that are sufficient to support the claim. If the claimant satisfies these requirements, the burden of going forward with the evidence then shifts to the objecting party to produce evidence at least equal in probative force to that offered by the proof of claim and which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency. *See Lundell v. Anchor Const. Specialists, Inc. (In re Lundell),* 223 F.3d 1035, 1041 (9th Cir.2000); *Sherman v. Novak (In re Reilly),* 245 B.R. 768, 773 (2d Cir. BAP 2000) .... If the objecting party meets these evidentiary requirements, then the burden of going forward with the evidence shifts back to the claimant to sustain its ultimate burden of persuasion to establish the validity and amount of the claim by a preponderance of the evidence. *See In re Consumers Realty & Development Co.,* 238 B.R. 418 (8th Cir. BAP 1999); *In re Allegheny International, Inc.,* 954 F.2d 167, 173–74 (3d Cir.1992). If, however, the claimant fails to allege facts in the proof of claim that are sufficient to support the claim, *e.g.,* by failing to attach sufficient documentation to comply with Fed. R. Bankr.P. 3001(c), the claim is not automatically disallowed; rather, it is merely deprived of any *prima facie* validity which it could otherwise have obtained. *See In re Los Angeles Int'l Airport Hotel Assoc.,* 196 B.R. 134, 139 (9th Cir. BAP 1996).

*In re Rally Partners, L.P.,* 306 B.R. 165, 168–69 (Bankr.E.D.Tex.2003) (first modification in original; second modification added). *Compare Wright v. Holm (In re Holm),* 931 F.2d 620, 623 (9th Cir.1991) (If the Presumption arises, "the proof of claim is some evidence as to its validity and amount. It is strong enough to carry over a mere formal objection without more.") (emphasis and internal quotation omitted) *with In re Stoecker,* 5 F.3d 1022, 1028 (7th Cir.1993) (If the Presumption does not arise, "the creditor cannot rest on the proof of claim."). However, the Presumption is not the only way a *prima facie* case may be established with respect to a proof of claim. As discussed with more particularity below, under certain circumstances admissions contained in the debtor's filed

schedules may establish at least a *prima facie* case with respect to a proof of claim.

▇▇▇▇ Based upon the foregoing, if a particular Proof of Claim fails to satisfy the requisites for a "proof of claim" against Mr. Jorczak's estate, the Proof of Claim must be disallowed. Even if those requisites have been satisfied, if the Presumption does not arise with respect to such Proof of Claim (or if a *prima facie* case was not otherwise established in respect of the Proof of Claim) and the relevant Creditor failed to appear at the Hearing and the Continued Hearing, the Proof of Claim must be disallowed because the Creditor has failed to carry its burden of production. However, if a particular Proof of Claim does satisfy the requisites for a "proof of claim" with respect to Mr. Jorczak's estate *and* the Presumption does arise with respect to a particular Proof of Claim (or a *prima facie* case was otherwise established in respect of the Proof of Claim), even if the Creditor failed to appear at the Hearing and the Continued Hearing the Debtors must make a showing sufficient to overcome the *prima facie* case before the Proof of Claim can be disallowed.

### 2. *Application of Law to Facts*

▇▇▇ The court applies the foregoing statement of the law to each Objection (and relevant Proof of Claim) in the discussion which follows.

### a. *The Citi Card Objection (Proof of Claim No. 2)*

Proof of Claim No. 2 (filed by Citi Card) is composed of the form proof of claim bearing only Mr. Jorczak's name in the caption and asserting a claim against Mr. Jorczak for "money loaned" in the amount of $1,146.34. Annexed to the proof of claim form is a one-page "Statement of Account" reciting "Sears Account Number: 0361364458683," "Date Account Opened: 08/01/97" and stating an "Account Balance as of Date of Bankruptcy Filing" of $1,146.34.[10] The "Statement of Account" also refers only to Mr. Jorczak. The "Name of Creditor" listed on the relevant Proof of Claim is "Citibank USA, N.A. as issuer, service provider or purchaser of the account from Sears, Roebuck and Co. and/or Sears National Bank." Neither copies of a written agreement nor copies of monthly statements are annexed to Proof of Claim No. 2. The Schedules list a "joint," noncontingent, liquidated and undisputed debt to Sears in the aggregate amount of $3,005.71 under two account numbers: account number 0357949300291; and the above-referenced account number 0361364458683. Proof of Claim No. 2 was filed on the official form.

Although the court concludes that Proof of Claim No. 2 constitutes a "proof of claim" against Mr. Jorczak's estate, were the Citi Card Objection filed by the Trustee rather than the Debtors the court might rule that Proof of Claim No. 2 failed to establish a *prima facie* case because of insufficient documentation and a consequent failure to raise the Presumption. However, the Citi Card Objection was filed by the Debtors. Accordingly, it is relevant that the Schedules list a claim on the relevant Sears account as a "joint," noncontingent, liquidated and undisputed claim in the amount of $3,005.71. (*See* Doc. I.D. No. 1 (Schedule F—Creditors Holding Unsecured Nonpriority Claims).) That scheduling constitutes an admission which, although not binding on the Trustee, is binding upon the Debtors. *See In*

---

**10.** The referenced debt does not appear to be the same Sears debt that was reaffirmed by Mrs. Jorczak.

*re Bohrer,* 266 B.R. 200, 201 (Bankr. N.D.Cal.2001) ("Statements in bankruptcy schedules are executed under penalty of perjury and when offered against a debtor are eligible for treatment as judicial admissions."). Accordingly, that admission must be taken as at least some evidence against Mr. Jorczak that he was liable with respect to the relevant account.

It is true that the Presumption might not arise as to Proof of Claim No. 2 because of a lack of documentation. However, as noted above, the Presumption is not the only way for a claimant to establish at least a *prima facie* case in respect of a proof of claim. In this unusual context, the court concludes that Proof of Claim No. 2, when considered together with the relevant admission in the Schedules, establishes at least a *prima facie* case of Mr. Jorczak's liability on the claim.[11] Accordingly, the burden of production is on the Debtors.

### b. *The Bank of America Objection (Proof of Claim No. 3)*

Proof of Claim No. 3 (filed by Bank of America, N.A. (USA)) asserts a claim against the Debtors for "credit card charges" in the amount of $6,401.59 and names both Debtors in the caption of the official form proof of claim. Similar to Proof of Claim No. 2, Proof of Claim No. 3 annexes only a one-page statement (which bears the names of both Debtors) and fails to annex either a copy of a written promise to pay or monthly billing statements. However, the Schedules list a "joint" liability on this account number as a noncontingent, liquidated and undisputed debt in the amount of $6,193.83. (*See* Doc. I.D. No. 1 (Schedule F—Creditors Holding Unsecured Nonpriority Claims).) For those reasons, the court concludes that Proof of Claim No. 3 constitutes a "proof of claim" against Mr. Jorczak's estate and, when considered together with the relevant admission in the Schedules, establishes at least a *prima facie* case of Mr. Jorczak's liability on the claim in the amount of $6,193.83. Accordingly, the burden of production is on the Debtors.

### c. *Fleet Objection (Proof of Claim No. 4)*

Proof of Claim No. 4 (filed by Fleet National Bank) asserts a claim for "monies loaned" in the amount of $2,937.13. Annexed to the official form proof of claim (naming both Debtors in the caption) is a one-page computer print-out titled "View Bankruptcy Summary."[12] The "Summary" lists only the name of one of the Debtors: Mrs. Jorczak. Mr. Jorczak's name does not appear in the "Summary." The Schedules list a "joint" liability on that account number as a noncontingent, liqui-

---

**11.** Bankruptcy Code § 1111(a) provides:

A proof of claim or interest is deemed filed under section 501 of this title for any claim or interest that appears in the schedules filed under section 521(1) or 1106(a)(2) of this title, except a claim or interest that is scheduled as disputed, contingent, or unliquidated.

11 U.S.C. § 1111(a) (West 2004). This court is not hereby importing that chapter 11 provision into this chapter 7 case. Rather, the court holds that when a "proof of claim" has been filed in a chapter 7 case and the chapter 7 debtor objects to the same but scheduled the relevant claim as undisputed, the burden is on the debtor to offer some adequate level of explanation as to why his scheduling of that claim as undisputed was incorrect. The court reserves the question of whether, if the Schedules are not further amended, they would be conclusive against the Debtors as to certain claims (including Proof of Claim No. 2) rather than merely "some evidence" against them.

**12.** To understand the "Summary" completely, the court would require some assistance from a witness.

dated and undisputed claim in the amount of $2,157.20. (*See* Doc. I.D. No. 1.)

The court concludes that use of the "joint" caption constitutes a sufficient demand upon the respective estates of both Debtors and sufficiently evidences an intent to hold both Debtors liable for the relevant debt such that Proof of Claim No. 4 constitutes a "proof of claim" against Mr. Jorczak's estate. Moreover, the Schedules list a "joint" liability with respect to the relevant account number. For those reasons, the court concludes that Proof of Claim No. 4 constitutes a "proof of claim" against Mr. Jorczak's estate and, when considered together with the relevant admission in the Schedules, establishes at least a *prima facie* case of Mr. Jorczak's liability on the claim in the amount of $2,157.20. Accordingly, the burden of production is on the Debtors.

### d. *Amended First B–Line Objection (Proof of Claim No. 6 as Amended by Proof of Claim No. 13)*

Proof of Claim No. 6 is identical to Proof of Claim No. 13 except: "facsimile" copies of "Bank One"[13] credit card monthly billing statements (the "Billing Statements") with "closing dates" from January 2, 1998 to October 5, 1999 are annexed to Proof of Claim No. 13; and Proof of Claim No. 6 alleges "credit card" as its basis but Proof of Claim No. 13 alleges "goods sold" as its basis. The Billing Statements show that each was formatted to be mailed to the Debtors jointly. The claims are filed on the official form but list only Mrs. Jorczak's name in the caption. Each proof of claim form has annexed thereto an "Account Summary" also bearing only the name of Mrs. Jorczak and the last four digits of her social security number. The

Schedules list a "joint" liability on the relevant account (scheduled as a "First USA Bank/Bank One" debt) as a noncontingent, liquidated and undisputed claim in the amount of $7,927.66. (*See* Doc. I.D. No. 1 (Schedule F–Creditors Holding Unsecured Nonpriority Claims).) No evidence of B–Line LLC's ownership of the referenced claim or other authority to file the proof of claim is annexed to its filings.

Although there is an objection on file with respect to Proof of Claim No. 6 (as amended) (*i.e.*, the Amended First B–Line Objection), the Amended First B–Line Objection has not yet been set down for a hearing. (*See* Doc. I.D. No. 55.) Accordingly, the court will defer ruling on the Amended First B–Line Objection until a hearing has been scheduled and convened on notice to the proper parties with respect to that objection.

### e. *Amended Second B–Line Objection (Proof of Claim No. 7 as Amended by Proof of Claim No. 12)*

Proof of Claim No. 7 is identical to Proof of Claim No. 12 except: a copy of a "facsimile" "First Card Visa Gold Statement" (the "Final Statement") for the relevant account is annexed to Proof of Claim No. 12; and Proof of Claim No. 7 alleges "Credit Card" as its basis, but Proof of Claim No. 12 alleges "goods sold" as its basis. The Final Statement has a "closing date" of October 12, 1999 and reflects no account history other than the account balance. The Final Statement is formatted to be mailed to the Debtors jointly. The claims are filed on the official form but list only Mrs. Jorczak's name in the caption. Moreover, each proof of claim form has annexed thereto an "Account Summary" bearing only the name of Mrs. Jorczak and

---

13. The "Name of Creditor" listed on the relevant Proofs of Claim is "B–Line, LLC / Bank One Delaware NA f.k.a. First USA."

the last four digits of her social security number. There is no entry in the Schedules which corresponds to the relevant account number. It is unclear as to whether B–Line, LLC is the original obligor on the alleged claim.

Although there is an objection on file with respect to Proof of Claim No. 7 (as amended) (*i.e.,* the Amended Second B–Line Objection), the Amended Second B–Line Objection has not yet been set down for a hearing. (*See* Doc. I.D. No. 55.) Accordingly, the court will defer ruling on the Amended Second B–Line Objection until a hearing has been scheduled and convened on notice to the proper parties with respect to that objection.

### f. *Third B–Line Objection (Proof of Claim No. 8)*

■ Proof of Claim No. 8 alleges a debt owing for "[g]oods sold" in the amount of $12,656.17. Only Mrs. Jorczak's name is listed in the caption of the form proof of claim. Annexed to the form proof of claim is a one-page "Account Summary" which also refers only to Mrs. Jorczak.[14] Based upon the foregoing the court concludes that Proof of Claim No. 8 does not make a demand upon Mr. Jorczak's estate nor does it evidence an intent to hold Mr. Jorczak liable for the alleged debt. Accordingly, Proof of Claim No. 8 does not constitute a "proof of claim" against Mr. Jorczak's estate. Therefore, the Third B–Line Objection must be sustained as to the estate of Mr. Jorczak.

### g. *First Citibank Objection (Proof of Claim No. 9) and Second Citibank Objection (Proof of Claim No. 10)*

Proof of Claim No. 9 alleges a debt owing with respect to account number

"[412800326429] 9572" for "[m]oney loaned" in the amount of $1,881.03. The names of both Debtors appear in the caption of the form proof of claim. Annexed to the form proof of claim is a one-page "Statement Summary" listing both of the Debtors as both "Account Holder" and "Cardmember." Proof of Claim No. 10 (and its attachment) is identical to Proof of Claim No. 9 except that it refers to account number "[4128 0032 6414] 0081" and a debt in the amount of $3,735.81. The Schedules show a single claim for both accounts, stated as a noncontingent, liquidated, undisputed "Joint" debt for both accounts in the aggregate amount of $5,290.33. (*See* Doc. I.D. No. 1 (Schedule F—Creditors Holding Unsecured Nonpriority Claim).) Accordingly, the court concludes that Proofs of Claim Nos. 9 and 10 are "proofs of claim" against Mr. Jorczak's estate and, when considered together with the relevant admissions in the Schedules, establish at least a *prima facie* case of liability against Mr. Jorczak in the amount of $5,290.33. Accordingly, the burden of production is on the Debtors.

## IV. CONCLUSION

For the reasons stated above, an order will enter:

a. sustaining the Third B–Line Objection (Doc. I.D. No. 36); and

b. scheduling a further (evidentiary) hearing on the Citi Card Objection (Doc. I.D. No. 30), the Bank of America Objection (Doc. I.D. No. 31), the Fleet Objection (Doc. I.D. No. 32), the First Citibank Objection (Doc. I.D. No. 37) and the Second Citibank Objection (Doc. I.D. No.

---

**14.** The Schedules similarly show a claim corresponding to the relevant account as the liability of Mrs. Jorczak only. (*See* Doc. I.D. No. 1 (Schedule F—Creditors Holding Unsecured Nonpriority Claims).).

38) at which hearing the Debtors will bear the initial burden of production; and

c. scheduling a (non-evidentiary) hearing on the Amended First B–Line Objection (Doc. I.D. Nos. 34 and 57) and on the Amended Second B–Line Objection (Doc. I.D. Nos. 35 and 57).