**In re Patricia M. KIRKLAND, Debtor.**

**No. 7–01–15748 MA.**

United States Bankruptcy Court,
D. New Mexico.

Jan. 9, 2007.

Gerald R. Velarde, Albuquerque, NM, for Debtor.

## MEMORANDUM

MARK B. McFEELEY, Bankruptcy Judge.

THIS MATTER is before the Court on the Trustee's Objection to Claim # 15 of NextBank, NA/B–Line, LLC (the "Objection") filed on June 22, 2006. B–Line, LLC filed a Response to the Objection (the "Response"). Having reviewed the Objection, the Response, the applicable statutes, rules and case law, and being otherwise sufficiently informed, the Court will disallow the Claim and in connection therewith finds:

1. Debtor, Patricia M. Kirkland ("Debtor") filed a voluntary petition under Chapter 13 of the Bankruptcy Code on August 22, 2001.

2. "Next Bank, N.A./B–Line, LLC" ("Next Bank/B–Line") filed a proof of claim (the "Claim") on September 25, 2001. The claim identified an account number ending with 2787 and claimed the amount of $5,328.19 as an unsecured non-priority claim for a credit card debt. No supporting documentation was attached to the proof of claim.

3. After the Objection was filed, B–Line, LLC, as transferee, filed a Notice of Transfer of Claim ("Notice of Transfer") indicating that the Claim was transferred to B–Line, LLC by "Next Card," as transferor. In the Notice of Transfer, B–Line, LLC identified the source of its claim as an account number with the last four digits 2787 in the amount of $5,328.19. No supporting documentation was attached to the Notice of Transfer.

4. On her Schedule F, Debtor listed a debt to "Nextcard" in the amount of $5,004.00 for credit card purchases under same account number as indicated on the Claim. The debt is not identified on Debtor's Schedule F as contingent, unliquidated, or disputed.

5. On September 24, 2001, the Chapter 13 Trustee filed a motion to dismiss based on Debtor's failure to timely file a plan and failure to provide requested documents. Debtor converted her case to Chapter 7 on September 25, 2001, and later reconverted her case to Chapter 13. An Order Confirming Plan was entered on February 14, 2002. The Chapter 13 Trustee did not object to the claim filed by Next Bank/B–Line, and although the Interim Report filed by the Chapter 13 Trustee reflects that no disbursements were made to unsecured creditors, the Chapter 13 Trustee's Interim Report reflects a claim of "B–Hold, LLC" in the amount of $5,328.19, which coincides with the amount on the proof of claim filed by Next Bank/B–Line. The Trustee's Final Report states that disbursements to unsecured creditors totaled $2,140.11. Debtor reconverted her proceeding to Chapter 7 on May 7, 2005. (See Docket # 34–Chapter 13 Trustee's Interim Report; Docket # 35–Notice of Voluntary Conversion; Docket # 42–Chapter 13 Trustee's Final Account).

6. A hearing on the Objection was held on November 15, 2006. No evidence was offered by Next Bank/B–Line or the Trustee at the hearing; however, at Next Bank/B–Line's request, the Court took judicial notice of the schedules and statements filed by the Debtor. At the hearing, the Trustee raised an additional argument questioning B–Line, LLC's ownership of the Claim because no supporting documentation was attached to the Notice of Transfer. See

Fed. R. Bank. P. 3001(e)(2).[1]

### Discussion

In the Bankruptcy Code, a claim is defined as a "right to payment ... or ... right to an equitable remedy." 11 U.S.C. § 101(5). A creditor having a claim may file a proof of claim in a bankruptcy case, and a proof of claim filed pursuant to § 501 is deemed allowed unless a party in interest objects. 11 U.S.C. §§ 501(a) and 502(b). If a party objects, the court, after notice and a hearing, must allow the claim except to the extent that the Court finds one or more of nine grounds for disallowance enumerated in § 502(b), which states in relevant part as follows:

(b) ... if such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that—

(1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or appli-

cable law for a reason other than because such claim is contingent or unmatured; [or]

(2) such claim is for unmatured interest....

11 U.S.C. § 502(b).

Although the substantive law regarding allowance of claims is provided §§ 501 and 502, the Federal Rules of Bankruptcy Procedure govern the procedure regarding allowance of claims, and the rules should be construed "to secure the just, speedy, and inexpensive determination ..." of any disputed claims. *In re Cluff,* 313 B.R. 323, 330 (Bankr.D.Utah 2004), quoting Fed. R. Bankr.P. 1001.

Rule 3001(a) states that a proof of claim is a written statement setting forth a creditor's claim, and a proof of claim shall conform substantially to Official Form 10.[2] Fed. R. Bankr.P. 3001(a). Rule 3001(c) directs a claimant whose claim is based on a written agreement to file a duplicate of the agreement forming the basis of the claim with the proof of claim.[3] Fed. R.

---

1. Rule 3001(e)(2) states in pertinent part,

   [i]f a claim ... has been transferred other than for security after the proof of claim has been filed, evidence of the transfer shall be filed by the transferee.... If the alleged transferor files a timely objection and the court finds, after notice and a hearing, that the claim has been transferred ..., it shall enter an order substituting the transferee for the transferor. If a timely objection is not filed by the alleged transferor, the transferee shall be substituted for the transferor. Fed. R. Bankr.P. 3001(e)(2). Because the transferor has not objected to the Notice of Transfer, the Court will not consider this argument by the Trustee. *See In re Preston Trucking Co., Inc.,* 333 B.R. 315, 332 (Bankr. D.Md.2005) (noting that under Rule 3001(e) only transferor can object to a transfer of claim after proof of claim filed). Even if an appropriate objection to the Notice of Transfer was filed, the Claim will be disallowed as for failure to present prima facie evidence. Presumably, Next Bank/B–Line will file ap-

propriate documents on future notices of transfer.

2. Official Form 10, as prescribed by the Judicial Conference of the United States, requires a creditor to provide the basis for the claim, the amount of the claim, any interest or other charges included, the secured or unsecured nature of the claim, and proof thereof in the form of supporting documentation, if necessary or available. The Form states that the claimant must attach copies of documents that show the debtor owes the debt claimed or, if the documents are too lengthy, a summary of those documents. If documents are not available, a creditor must attach an explanation of why they are not available. Off. Form 10; *see also* Fed. R. Bankr.P. 9009 (stating that the Official Forms prescribed by the Judicial Conference of the United States "shall be observed and used.").

3. Claims for credit card debts are claims based on written agreements. *In re Cluff,* 313

Bankr.P. 3001(c). If the writing has been lost or destroyed, "a statement of the circumstances of the loss or destruction shall be filed with the claim." *Id.* A proof of claim "executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." Fed. R. Bankr.P. 3001(f).

It is undisputed that the Claim is based on a written credit card agreement; therefore, Next Bank/B–Line was required to submit supporting documentation with the Claim. Fed. R. Bankr.P. 3001(c). It is also undisputed that Next Bank/B–Line attached no documents in support of its Claim. The Trustee argues that without documentation, Next Bank/B–Line has failed to present prima facie evidence of its Claim pursuant to Fed. R. Bankr.P. 3001(f); therefore, the Claim should be disallowed in its entirety.[4]

Next Bank/B–Line asserts that the failure to attach documentation, as specified in the Rules, is not one of the exclusive bases for disallowance enumerated § 502(b); therefore, the Court does not have statutory authority to disallow the Claim solely for this reason. According to Next Bank/B–Line, even without supporting documentation, the Claim cannot be disallowed unless the Trustee shows that the claim is subject to disallowance under one of the enumerated reasons in 502(b). Next Bank/B–Line asks this Court to follow the majority of courts that have allowed claims lacking adequate documentation in the absence of further proof that the claim is invalid. *See In re Heath,* 331 B.R. 424, 434 (9th Cir. BAP 2005) (recog-

nizing the split of authority on this issue). Next Bank/B–Line argues that disallowing claims based on this technical objection alone opens the door for abuse of the claims objection process and interferes with the basic goal of the bankruptcy rules: the just, speedy and inexpensive determination of cases.

■ The placement of the burden of proof in the claims adjudication process controls the outcome of this case. The ultimate burden of persuasion is on the claimant to establish the validity and amount of its claim by a preponderance of the evidence. *In re Relford,* 323 B.R. 669, 673 (Bankr.S.D.Ind.2004) ("a claimant bears the ultimate burden of establishing the validity and amount of its claim by a preponderance of the evidence."); *In re Jorczak,* 314 B.R. 474, 481 (Bankr.D.Conn. 2004) (the "burden of persuasion under the bankruptcy claims procedure always lies with the claimant …"). A claimant can meet this burden by filing a proof of claim, which is deemed allowed pursuant to § 502(a) unless an objection is filed. 11 U.S.C. § 502(a). *Jorczak,* 314 B.R. at 481. In the face of an objection; however, the statutory presumption of validity disappears, thus, the burden remains on the claimant to establish its claim. *Id.* at 482 (noting that failure to establish a prima facie claim means that without an appearance by the creditor, the claim must be disallowed).

■ Under the rules, a proof of claim filed in accordance with the Bankruptcy Rules constitutes prima facie evidence of the validity and amount of the claim. Fed.

B.R. at 334 n. 32 (finding that the definition in Rule 3001(c) was broad enough to encompass both written and electronic credit card transactions) (citation omitted).

**4.** *See Wilson v. Broadband Wireless Int'l Corp. (In re Broadband Wireless Int'l Corp.),* 295 B.R. 140, (10th Cir. BAP 2003)(discussing

burden of proof in claims objection proceeding and noting that if a proof of claim is executed or filed improperly it "is *not* prima facie evidence of [the] claim, and [the claimant] would have the initial burden of proving that a claim exists and the amount of that claim.").

R. Bankr.P. 3001(f). Thus, when a proof of claim is filed in accordance with the rules, the burden of proof shifts to the objector to show that grounds exist to disallow the claim. *Id.* However, when a proof of claim fails to meet the requirements of the rules and thereby fails to provide prima facie evidence of the claim, the claimant has not met its burden of establishing a claim against the debtor. *In re Broadband Wireless Int'l Corp.*, 295 B.R. 140, 145–6 (10th Cir. BAP 2003)(affirming bankruptcy court's disallowance of proof of claim that lacked prima facie status stating that "the bankruptcy court was required under § 502(b)(1) to disallow the ... claim in question as a matter of law ... [because] ... Wilson's [proof of claim was] not 'executed and filed in accordance with [the Bankruptcy Rules,]' " citing Rule 3001(f)). When a claim lacks prima facie validity, the claimant cannot rest on its proof of claim, but must come forward with sufficient evidence of the claim's validity and amount. *Relford*, 323 B.R. at 673, citing *In re Stoecker*, 5 F.3d 1022, 1028 (7th Cir.1993).

■ Recently, however, courts looking at similar claims objections have disagreed on whether disallowance is appropriate. *In re Relford*, 323 B.R. 669, 676 (Bankr. S.D.Ind.2004) ("The Courts that have examined Rule 3001's requirements have not completely agreed as to what penalty to impose, if any, when a claim is deficient under the Rule."). The majority of courts have allowed claims despite objections for lack of documentation because this type of objection is generally viewed as a technical as opposed to a substantive objection. *See e.g. In re Habiballa*, 337 B.R. 911, 916 (Bankr.E.D.Wis.2006) (noting that debtors who file objections should not be relieved of their obligations on claims based on a "technicality" when debtors have acknowledged the debt on their schedules). In addition, several courts state that sustaining objections for failure to attach documentation would in effect add an additional reason to the exclusive list given in Code § 502(b).[5] Although courts following the majority position recognize that a creditor bears the ultimate burden to show the validity of its claim, many courts accord evidentiary weight to the proof of claim itself or to admissions in debtors' schedules.[6] Thus, under this view, the objector must present evidence of invalidity beyond

**5.** *See e.g. In re Dove–Nation*, 318 B.R. 147, 150–51 (8th Cir. BAP 2004) (stating that debtor conceded that none of the § 502(b) enumerated reasons were applicable and holding that claim must be allowed and that Code cannot be modified by Rules providing debtor with additional grounds to object to claim under Rule 3001(a)); *Heath*, 331 B.R. at 431 (affirming bankruptcy court on another basis supported by record and finding that § 502 provides sole grounds for objections, which do not include lack of documentation); *In re Cluff*, 313 B.R. at 332 (Bankr.D.Utah 2004) (denying objector's request and stating, "even if an objecting party files an objection asserting facts in a form sufficient to rebut the presumption of Bankruptcy Rule 3001(f), the objection alone does not 'implicate any of the statutory reasons which Congress has determined warrant denial of a claim.' ") (citation omitted);.

**6.** *See e.g. Heath*, 331 B.R. at 435 (noting that even if a substantive factual dispute is brought by objector, proof of claim not entitled to prima facie validity may have some evidentiary weight); *Dove–Nation*, 318 B.R. at 152 ("Even if proofs of claim are not entitled prima facie validity, they are some evidence of the Claimant's claims." and noting that debtor's schedules would have been additional evidence supporting the claims); *In re Mazzoni*, 318 B.R. 576, 578 (Bankr.D.Kan.2004) (stating that proof of claim signed under penalty of up to $500,000.00 or up to five years in prison has some evidentiary weight); *Cluff*, 313 B.R. at 340 (stating that even claims without prima facie status have some evidentiary weight, and questioning debtor's good faith objection to claim when original schedules listed debts as undisputed); *Jorczak*, 314 B.R. at 482 (stating that debtors' objection not sustainable because admissions in sched-

the lack of documentation. *Habiballa*, 337 B.R. at 917 (recognizing that § 502 provides that a claim shall be allowed unless the objector shows that one of the exceptions applies, "this Court will require the Debtor to come forward with some evidence to contradict the claim summary, even in the absence of a creditor's compliance with an information request."). However, several courts recognize that statements in schedules would be admissible as evidence against a debtor; however, when a trustee is the objector, a different analysis is warranted. *See Relford*, 323 B.R. at 676 (recognizing that the debtor's schedules do not carry the same evidentiary weight with respect to objections posed by parties other than the debtor); *Jorczak*, 314 B.R. at 482 (noting outcome of one objection might be different if objection filed by trustee); and *In re Burkett*, 329 B.R. 820, 829 (Bankr.S.D.Ohio 2005) (denying objection filed by Chapter 7 trustee and stating, ". . . a debtor's scheduling of a debt does not constitute an admission by a

trustee, but as a sworn statement and admission against interest, it is nevertheless strongly probative of the claim's validity.").

The Court considers many of the cases holding the majority view distinguishable in two important ways: first, the Trustee, not the Debtor, is the objecting party here;[7] and second, and more importantly, the Claim lacks any documentation, rather than the incomplete or inadequate documentation presented in many of the cases.[8] The Court is also mindful of the additional burden the majority view would impose on trustees by requiring additional proof of invalidity when a creditor has failed to cross the threshold required to achieve prima facie status. Additional evidence concerning the Claim (presumably from the Debtor), is as readily available to Next Bank/B–Line as to the Trustee. In this case, following the majority would place the burden on the Trustee to disprove the Claim.[9]

ules are relevant to prove the claim and restore prima facie status). *But cf In re Circle J Dairy, Inc.* 112 B.R. 297, 300 (W.D.Ark.1989) (remanding for determination as to validity of claim lacking supporting documentation noting that insufficiently supported claim can also be used as evidence to dispute its own validity).

7. Many of the cases cited by Next Bank/B–Line involve debtors' objections instead of objections by trustees. *See e.g. Heath*, 331 B.R. 424 (chapter 7 debtors' objections); *In re Campbell*, 336 B.R. 430 (9th Cir. BAP) (chapter 13 debtors' objections in two separate cases); *Dove–Nation*, 318 B.R. 147 (chapter 13 debtor's objections); *In re Guidry*, 321 B.R. 712 (Bankr.N.D.Ill.2005) (chapter 13 debtors' objections); *Relford*, 323 B.R. 669 (chapter 13 debtor's objection); *Cluff*, 313 B.R. 323 (chapter 13 debtors' objections).

8. *See In re Joslin*, 344 B.R. 146, 150 (Bankr. D.Kan.2006) (denying objection by Chapter 7 trustee and allowing claim with account summary attached); *In re Habiballa*, 337 B.R. 911, 915–918 (Bankr.E.D.Wis.2006) (allowing

two claims with attached summaries of account, disallowing one claim which had attached bill of sale and with account number not matching debtor's schedules, but only to extent it exceeded amount listed in debtor's schedules and allowing creditor to move to reconsider with additional evidence); *Burkett*, 329 B.R. at 825 n. 1 (stating that trustee objected to a claim arguing that summary attached to claim was insufficient because lacked *inter alia* the full account number); and *In re Cluff*, 313 B.R. at 327–329 (outlining claims with a chart containing description of documents attached, including account summaries, account statements, billing statements and charge-off account detail).

9. Even courts following the majority view recognize that the concerns are different when a trustee objects to a claim for lack of documentation. *See e.g. Relford*, 323 B.R. at 676 (noting that debtor's schedules do not carry same evidentiary weight with respect to objections raised by parties other than debtor); *Cluff*, 313 B.R. at 343 ("A mere formal objection from a Chapter 7 or 11 trustee does not

A minority of courts hold that a proof of claim can be disallowed for lack of appropriate documentation. *See e.g. In re Henry,* 311 B.R. 813, 817–18 (Bankr. W.D.Wash.2004)("In the absence of that minimum evidentiary presentation, the creditor's claim should be disallowed."); and *In re Armstrong,* 320 B.R. 97, 105 (Bankr.N.D.Tex.2005) (lack of documentation requires claimant to establish the claim by a preponderance of the evidence); *see also Matter of Stoecker,* 5 F.3d 1022, 1028 (7th Cir.1993) (stating that lack of documentation means that creditor cannot stand on proof of claim but that creditor should be given an opportunity to amend its claim). Thus under this view, a creditor cannot rest on its proof of claim, but would be required to present more evidence meet its burden to establish a claim.

The Court finds the minority approach better suited to the facts presented by this case and finds that the Claim must be disallowed. Next Bank/B–Line presented no documentary evidence with its proof of claim; therefore, the Claim is clearly not entitled to prima facie validity. After the Objection was filed, Next Bank/B–Line was given ample opportunity to produce documentary support for its Claim, yet it relied solely on its proof of claim. At the hearing, Next Bank/BLine's counsel admitted that no supporting documentation is available. Therefore, Next Bank/B–Line has failed to meet its burden of proof to substantiate its Claim. The Court recognizes that the Claim is similar to the debt listed on the debtor's scheduled debt to Nextcard; however, the Debtor's schedules are not admissible against the Trustee. Moreover, if under these facts, the Court allows the Claim without any sup-

porting documentation in the face the Trustee's objection, the Court will have placed the burden to disprove claims on the Trustee rather than requiring this creditor to establish a right to collect on a valid claim. *Cf. Armstrong,* 320 B.R. at 104 ("The documentation required by Bankruptcy Rule 3001 and Official Form 10 allows the debtor and the Chapter 13 Trustee to have enough information to fully determine whether or not a valid claim in the proper amount has been filed.").

The Code and Rules balance the interests of debtors and creditors by placing the initial burden on a claimant to come forward with evidence to support its claim. *See In re Henry,* 311 B.R. at 817–18 (recognizing the balance of interests related to proofs of claim and the shifting burden of proof). The Court will not upset this balance by allowing the Claim without sufficient evidence of its validity.

Next Bank/B–Line was required to present some evidence that it has a valid claim. Failing that, the Claim must be disallowed.

An appropriate order will be entered with this Memorandum, which shall constitute the Court's findings of fact and conclusions of law under Fed. R. Bankr.P. 7052.

raise the same issues of bad faith which may arise when a debtor, who has personal knowledge of a debt and who has admitted to that debt, later objects to the undisputed claim based on a technicality.") and *Mazzoni,* 318

B.R. at 579 n. 14 (agreeing with *Cluff* and stating that it is important to distinguish a debtor's right to object to a claim for lack of documentation from a trustee's right to object for the same reason).