FILED
United States Court of Appeals
Tenth Circuit

**July 14, 2009**

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

| | |
|---|---|
| In re: PATRICIA M. KIRKLAND, <br><br> Debtor. <br> _____ <br><br> MICHAEL J. CAPLAN, Trustee, <br><br> Appellant, <br><br> v. <br><br> B-LINE, LLC, Successor in interest to Next Card; PATRICIA M. KIRKLAND, <br><br> Appellee. | No. 08-2017 |

---

**APPEAL FROM THE UNITED STATES BANKRUPTCY APPELLATE PANEL OF THE TENTH CIRCUIT**
**(BAP No. NM-07-021)**

---

Michael K. Daniels, Albuquerque, New Mexico, appearing for Appellant.

Linh K. Tran, B-Line, LLC, Seattle, Washington, appearing for Appellee.

---

Before **TACHA**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

---

**TACHA**, Circuit Judge.

---

Patricia Kirkland (the "Debtor") filed for bankruptcy, and a predecessor to

the Appellee, B-Line, LLC ("B-Line") submitted a proof of claim. After the

Appellant ("the Trustee") objected to the claim, the bankruptcy court sustained

the objection and disallowed the claim. A divided Bankruptcy Appellate Panel

("BAP") reversed the bankruptcy court's decision. We conclude that the

bankruptcy court properly disallowed B-Line's claim. Exercising jurisdiction

under 28 U.S.C. § 158(d),[1] we REVERSE the BAP's judgment and REINSTATE

the bankruptcy court's order disallowing B-Line's claim.

## I. BACKGROUND

On August 22, 2001, the Debtor filed a voluntary Chapter 13 bankruptcy

petition in the United States Bankruptcy Court for the District of New Mexico.

The Debtor's schedule of unsecured creditors included a $5,004 credit card debt

associated with an account number ending with 2787. On September 25, 2001,

NextBank, N.A./B-Line, LLC ("NextBank/B-Line") filed a proof of claim for a

---

[1]The BAP's order does not explicitly instruct the bankruptcy court to either allow or disallow the claim. In assessing whether we have jurisdiction over this appeal, we look to the practical effect of the BAP's order. *See In re Tri-Valley Distrib., Inc.*, 533 F.3d 1209, 1214 (10th Cir. 2008) ("In determining whether an order from the BAP is final . . . we look to the order of the BAP itself, determining whether it is final by considering the effect that the order will have in the context of the particular appeal.") If the BAP's order requires "significant further proceedings in the bankruptcy court," then the order is not final, and this court does not have jurisdiction over an appeal. *Id.* At oral argument, the Trustee stated that the BAP's decision left the bankruptcy court with no option other than to enter judgment in favor of B-Line. B-Line agreed. We therefore conclude that the BAP's order did not require "significant further proceedings" in the bankruptcy court. The BAP's order was final, and we have jurisdiction over this appeal under 28 U.S.C. § 158(d).

$5,328.19 credit card debt associated with an account number ending with 2787. NextBank/B-Line did not include supporting documentation.

That same day, the Debtor converted her case to Chapter 7; then she later reconverted it back to Chapter 13. The Chapter 13 trustee reported a claim by "B-Hold, LLC" for $5,328.19, the identical amount listed on NextBank/B-Line's proof of claim. After the Debtor's attempt to restructure her debt failed, she reconverted her case back to Chapter 7 on May 20, 2005. On June 22, 2006, the Trustee filed an objection to NextBank/B-Line's claim in bankruptcy court, asserting that NextBank/B-Line had failed to include supporting documentation for its proof of claim, as required under Rule 3001 of the Federal Rules of Bankruptcy Procedure. Soon thereafter, B-Line filed a notice indicating that the claim had been transferred to B-Line. The notice listed the value of the claim as $5328.19 and listed its source as an account number ending with 2787. B-Line did not include supporting documentation.

On November 15, 2006, the bankruptcy court held a hearing on the Trustee's objection. *In re Kirkland*, 361 B.R. 199, 200 (Bankr. D.N.M. 2007). Neither B-Line nor the Trustee presented any evidence at the hearing. *Id.* Pursuant to B-Line's request, however, the bankruptcy court took judicial notice of the schedules and statements the Debtor had filed with her petition. *Id.* Following the hearing, the court determined that B-Line had failed to meet its burden to substantiate the claim because it had failed to produce any evidence

supporting it. *Id.* at 205. Accordingly, the Court disallowed the claim. *Id.* B-Line appealed to the BAP, which reversed the bankruptcy court's decision by a vote of two to one. *B-Line, LLC v. Kirkland (In re Kirkland)*, 379 B.R. 341, 354 (B.A.P. 10th Cir. 2007). The Trustee timely appeals.

## II. DISCUSSION

"In our review of BAP decisions, we independently review the bankruptcy court decision." *In re Albrecht*, 233 F.3d 1258, 1260 (10th Cir. 2000). Neither side has contested the bankruptcy court's factual findings. Because the issues on appeal are limited to questions of statutory interpretation, our review is de novo. *Hamilton v. Lanning (In re Lanning)*, 545 F.3d 1269, 1274 (10th Cir. 2008).

The bankruptcy court appropriately determined that because B-Line bore the burden of proof for its claim and failed to meet its burden, its claim was disallowed. *See In re Kirkland*, 361 B.R. at 205. The plain language of the Bankruptcy Code and its associated procedural rules support the court's ruling. The Bankruptcy Code provides that "[a] creditor . . . may file a proof of claim." 11 U.S.C. § 501(a). Because the code does not define "proof of claim," we look to the Federal Rules of Bankruptcy Procedure. "A proof of claim is a written statement setting forth a creditor's claim. . . . [It] shall conform substantially to the appropriate Official Form." Fed. R. Bankr. P. 3001(a). The relevant form is Official Form 10, which requires a claimant to "[a]ttach redacted copies of any documents that support the claim, such as promissory notes, purchase orders,

invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements." Fed. R. Bankr. P. Official Form 10. Form 10 also instructs a claimant that "[i]f the documents are not available, please explain." *Id.* When a proof of claim is executed and filed in accordance with the provisions of Rule 3001 (including Official Form 10), it "constitutes prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f).

B-Line has failed to produce a single document to support its proof of claim. B-Line has also failed to explain its failure to provide supporting documentation. Although the bankruptcy court took judicial notice of the Debtor's appended schedules of unsecured creditors, it correctly determined that the schedules were of no evidentiary value against the Trustee. Therefore, B-Line has failed to present "prima facie evidence of the validity and amount of the claim." *Id.* In response to the Trustee's objection, the bankruptcy court held an evidentiary hearing. Even then, B-Line produced no evidence in support of its claim and no explanation for its failure to do so. On this record, we conclude that the bankruptcy court appropriately disallowed B-Line's claim. Had the bankruptcy court allowed B-Line's claim despite B-Line's failure to provide either supporting evidence or an explanation for its failure to provide supporting evidence, the burden would have improperly rested with the Trustee to disprove an unsubstantiated claim. *See Agricredit Corp. v. Harrison (In re Harrison)*, 987 F.2d 677, 680 (10th Cir. 1993) ("[A] proper claim timely filed stands, absent

objection. If objection is made to the proof of claim, the creditor has the ultimate burden of persuasion as to the validity and amount of the claim.") (citation and quotations omitted).

## III. CONCLUSION

For the foregoing reasons, we REVERSE the judgment of the BAP and REINSTATE the bankruptcy court's order disallowing B-Line's claim.