**IN RE: GRASS VALLEY HOLDINGS, Debtor.**

**Bankruptcy Number: 15–24513**

United States Bankruptcy Court, D. Utah.

Signed November 5, 2015

P. Bruce Badger, Gary E. Jubber, Douglas J. Payne, Fabian VanCott, Marcus R. Mumford, Mumford, P.C., Salt Lake City, UT, Aaron R. Harris, Evan A. Schmutz, Durham Jones & Pinegar, PC, Lehi, UT, for Debtor.

## ORDER DENYING MOTION FOR ESTIMATION OF CLAIMS

R. KIMBALL MOSIER, U.S. Bankruptcy Judge

The motion of Grass Valley Holdings, L.P. (Debtor), for estimation of claims came before the Court on October 13, 2015. Gary E. Jubber and Douglas J. Payne of Fabian VanCott appeared on behalf of the Debtor, Evan A. Schmutz and Aaron R. Harris of Durham Jones & Pinegar appeared on behalf of the Debtor as special counsel, Adelaide Maudsley of Kirton McConkie appeared on behalf of Standard Plumbing Supply Company, Inc. (Standard Plumbing), Marcus R. Mumford of Mumford PC appeared on behalf of GW Green Family Limited Partnership, Garth O. Green Enterprises, Inc., Garth O. Green and Michael Green, and Steven W. Call of Ray Quinney & Nebeker P.C. appeared on behalf of State Bank of Southern Utah and on behalf of the GW Green Family Limited Partnership.

### I. BACKGROUND

On or about February 1, 2013, Garth O. Green Enterprises, Inc. commenced a lawsuit against the Debtor and Randall Harward, Richard Harward, and Harward Irrigation Systems, Inc., alleging that the Debtor and other defendants breached a contract relating to the sale of a business called Sprinkler World. The lawsuit is captioned *Garth O. Green Enterprises, Inc., et al. v. Harward, et al.* It was filed in the Fourth District Court for Utah County, State of Utah, and was assigned case No. 130400184 (Lawsuit). An amended complaint (Amended Complaint) was filed in the Lawsuit on or about September 8, 2014 naming Standard Plumbing as an additional defendant and Garth O. Green and Michael Green as additional plaintiffs. Garth O. Green Enterprises, Inc., Garth O. Green and Michael Green are collectively referred to as (the Greens).

In the Lawsuit, the Greens assert a number of claims against the Debtor, including, *inter alia,* breach of contract, breach of the covenant of good faith and fair dealing, and fraud. In the first cause of action in the Amended Complaint, the Greens assert a claim for specific performance and allege that they should be awarded damages in an amount not less than $5,424,545.00. Standard Plumbing filed an answer, counterclaims, and cross-claims to the Amended Complaint in which Standard Plumbing seeks indemnification, monetary damages, and attorney's fees and costs.

The Debtor filed a voluntary petition under chapter 11 of the Bankruptcy Code on May 15, 2015, and has operated as a debtor-in-possession since that date. On July 13, 2015, this Court granted relief from the automatic stay to allow Standard Plumbing to remove the Lawsuit to the bankruptcy court. On July 22, 2015, Standard Plumbing filed a Notice of Removal, in which it removed the Lawsuit to this Court. The removed Lawsuit has been assigned Adversary Proceeding No. 15–02141 (AP 15–02141).

On August 3, 2015, the Greens, along with GW Green Family Limited Partnership and Wendy Green, filed in AP 15–02141 a motion for withdrawal of the reference to the United States District Court for the District of Utah (District Court). The Debtor did not file an objection to that motion. In particular, the Court notes that the Debtor did not object or attempt to reserve the issue of claim estimation

pursuant to 11 U.S.C. § 502(c)[1] with respect to the motion. On September 21, 2015, the District Court granted the motion for withdrawal of the reference, ordering that AP 15–02141 be withdrawn to the District Court for consideration (District Court Order).

On September 18, 2015, Standard Plumbing filed Proof of Claim # 9 in this bankruptcy case. That claim asserts a claim against the Debtor in the amount of $963,562.23 and is based on, among other things, the breach of certain leases. Standard Plumbing supports it proof of claim, in part, with a copy of Standard Plumbing's answer to the Amended Complaint and its counterclaims and cross-claims filed in the Lawsuit. All of the claims asserted in Proof of Claim # 9 are found in AP 15–02141. The Debtor concedes that this Court does not currently preside over any portion of AP 15–02141.

On October 8, 2015, Garth O. Green Enterprises, Inc. filed Proof of Claim # 13, which states as follows:

> Garth O. Green Enterprises, Inc. submits this unliquidated Proof of Claim and restates and incorporates its claims against the Debtor as set forth in the Amended Complaint filed in the Fourth Judicial District Court in and for Utah County; case no. 130400184, a copy of which is attached hereto and incorporated herein by reference.
>
> **By filing this Proof of Claim, Garth O. Green Enterprises does not waive its right to a jury trial and reserves its right to a jury trial on all claims triable by a jury as set forth in the matter of Garth O. Green Enterprises et al. vs. Randall Harward et al., currently pending in the United States District Court for the District of Utah, case no. 2:15–cv–00556–DN (which was previously adversary proceeding no. 15–02141).**

(emphasis in original). Garth O. Green Enterprises, Inc., later filed Amended Proof of Claim # 13 which attached a copy of the Amended Complaint. All of the claims asserted in Proof of Claim # 13 are found in AP 15–02141.

The Debtor seeks estimation of the claims asserted by the Greens and by Standard Plumbing (Claims)[2] pursuant to § 502(c), alleging that it will be very difficult for the Debtor to formulate or confirm a plan of reorganization until the Claims are estimated by this Court.

## DISCUSSION

■ The Debtor asserts that 11 U.S.C. § 502(c) gives this Court the authority to estimate the Claims even though the District Court withdrew the reference of AP 15–02141, because the District Court Order did not withdraw the reference of the Claims evidenced by proofs of claim 9 and 13. The Court agrees that the District Court Order did not withdraw the reference of the Claims, and they remain as claims in the bankruptcy case. But the fact that a proof of claim is filed does not directly address the determination of the claim amount. Even if a bankruptcy court has jurisdiction over a claim, another court with jurisdiction may liquidate the claim.[3]

1. All subsequent statutory references are to Title 11 of the United States Code unless otherwise indicated.

2. In its motion, the Debtor seeks estimation of the claims of (i) Garth O. Green Enterprises, Inc., Garth O. Green and Michael Green, and (ii) Standard Plumbing, despite the fact that Garth O. Green and Michael Green have not filed proofs of claim in this bankruptcy case. Regardless, the Court's analysis of the motion for estimation of claims would be the same.

3. For example, under 28 U.S.C. § 1334(c), the bankruptcy court may abstain from hearing a particular proceeding and permit a state court to liquidate a claim. *In re Curtis*, 40 B.R. 795 (Bankr.D.Utah 1984).

The District Court clearly has jurisdiction over AP 15–02141, which is the basis for the Claims.

A proof of claim is a procedural tool utilized in the bankruptcy process to evidence the nature and amount of a creditor's claim.[4] A proof of claim serves to put the Debtor and parties in interest on "notice of the existence, nature, and amount of the claim as well as the creditor's intent to hold the estate liable."[5] Whether a proof of claim is ultimately allowed or disallowed depends upon the merits of the claim.[6] The only evidentiary value of a properly filed proof of claim is that it provides prima facie evidence of the validity and amount of the claim,[7] but "[i]f objection is made to the proof of claim, the creditor has the ultimate burden of persuasion as to the validity and amount of the claim."[8] What Garth O. Green Enterprises, Inc. and Standard Plumbing assert in their proofs of claim are the Claims found in AP 15–02141. By seeking estimation of the Claims, the Debtor seeks estimation of the claims that were withdrawn by the District Court Order.

■ The 1984 bankruptcy amendments placed jurisdiction for bankruptcy cases and proceedings in the district court.[9] The 1984 amendments also established bankruptcy courts as "units" of the district courts and granted the district courts the discretion to refer Title 11 cases or proceedings to the bankruptcy courts.[10] Under 28 U.S.C. § 1334, a bankruptcy court's ability to preside over a case or proceeding arises when the district court refers the case or proceeding to the bankruptcy court. Congress also gave district courts the discretionary authority to withdraw the reference of any case or proceeding from a bankruptcy court "for cause shown."[11] The moment the district court withdraws the reference, the matter is no longer before the bankruptcy court.

The claims Standard Plumbing asserts in proof of claim # 9 are the claims it asserts in AP 15–02141. The claims Garth O. Green Enterprises, Inc. asserts in proof of claim # 13 are the claims it asserts in AP 15–02141. "While it is true that 28 U.S.C. § 157(a) does allow the district court to refer jurisdiction to the bankruptcy court, both courts cannot concurrently preside over the same aspects of the case."[12] Because the District Court has withdrawn the reference of AP 15–02141, this Court can no longer preside over any of the controversies found in AP 15–02141, including the Claims. This Court must respect the District Court Order withdrawing the reference and will not insert itself into any aspect of AP 15–02141. Accordingly, this Court must deny the Debtor's motion for estimation of claims.

---

4. See Fed. R. Bankr. P. 3001(a) ("A proof of claim is a written statement setting forth a creditor's claim.").

5. Unioil, v. H.E. Elledge (In re Unioil, Inc.), 962 F.2d 988, 992 (10th Cir.1992).

6. Although a properly filed proof of claim constitutes prima facie evidence of the validity and amount of the claim under Fed. R. Bankr. P. 3001(f), failure to provide either evidence in support of the claim or an explanation for the failure to provide evidence in support of the claim is grounds for disallowance. Caplan v. B–Line, LLC (In re Kirkland), 572 F.3d 838, 840–41 (10th Cir.2009).

7. See Fed. R. Bankr. P. 3001(f).

8. Agricredit Corp. v. Harrison (In re Harrison), 987 F.2d 677, 680 (10th Cir.1993).

9. See 28 U.S.C. § 1334(a)–(b).

10. See 28 U.S.C. §§ 151, 157(a).

11. See 28 U.S.C. § 157(d).

12. Kashani v. Fulton (In re Kasham), 190 B.R. 875, 885 (9th Cir. BAP 1995).

Based upon the above, it is hereby

ORDERED that the Debtor's motion for estimation of claims is denied without prejudice.

**This order is SIGNED.**