**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 25, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

In re:  INTEGRITY DIRECTIONAL
SERVICES LLC,

    Debtor.

------------------------------

DOUGLAS N. GOULD,

    Appellant,

v.

FALCON STRATEGIC PARTNERS IV;
J&R INVESTMENT GROUP, LLC;
K. RICK TURNER REVOCABLE
TRUST; MANUEL F. GONZALEZ,

    Appellees.

No. 23-6111
(D.C. No. 5:20-CV-00081-G)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **BALDOCK**, and **McHUGH**, Circuit Judges.
_____

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Falcon, a group of creditors, filed untimely proofs of claim against Chapter 7 debtor Integrity Directional Services LLC ("Integrity"). To overcome the late filing, Falcon moved for "Amendment of Informal Proofs of Claim." The bankruptcy court denied the motion. The district court reversed. Integrity Bankruptcy Trustee Douglas Gould appeals. We have jurisdiction under 28 U.S.C. § 158(d). Because the bankruptcy court did not abuse its discretion, we reverse the district court judgment.

## I. BACKGROUND

### A. *Chapter 7 Bankruptcy Proofs of Claim*

In Chapter 7 bankruptcy proceedings, a bankruptcy court appoints a trustee to "collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest." 11 U.S.C. § 704(a)(1). The trustee pays creditors as provided in § 726(a)(3), paying timely filed proofs of claim before untimely filed proofs of claim.

"In an involuntary chapter 7 case, a proof of claim is timely filed if it is filed not later than 90 days after the order for relief under that chapter is entered." Fed. R. Bankr. P. 3002(c). The bankruptcy court clerk issues a notice to creditors setting this "claims bar date" after the court enters an order for relief.

In general, "[t]ardily filed claims are paid from estate surplus only after priority and certain other timely filed claims have been paid in full." *In re Reliance Equities, Inc.* ("*Reliance*"), 966 F.2d 1338, 1345 (10th Cir. 1992). The claims bar date is like a statute of limitations. *Id.* Although a bankruptcy rule "allows courts, in appropriate circumstances, to accept late filings caused by inadvertence, mistake, or

2

carelessness," *Jones v. Arross*, 9 F.3d 79, 81 (10th Cir. 1993) (quotations omitted), this exception "applies only to cases brought under Chapter 11," not Chapter 7, *id.*; *see also Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 389 & n.4 (1993).

Chapter 7 bankruptcy courts have nonetheless recognized an exception to the claims bar date—the "informal proof of claim" doctrine, *see Reliance*, 966 F.2d at 1345, which dates back at least to the 1898 Bankruptcy Act. *See Hutchinson v. Otis, Wilcox & Co.*, 190 U.S. 552, 555 (1903). This judicially created doctrine allows creditors to file amended formal proofs of claim after the claims bar deadline and to have those claims relate back to an earlier filing made before the deadline, making them timely under § 726. *See Reliance*, 966 F.2d at 1345.[1]

In *Reliance*, this court recognized a five-factor test to determine whether the doctrine applies:

1. the proof of claim must be in writing;

2. the writing must contain a demand by the creditor on the debtor's estate;

3. the writing must express an intent to hold the debtor liable for the debt;

---

[1] A formal proof of claim "is a written statement setting forth a creditor's claim. . . . [It] shall conform substantially to the appropriate Official Form." Fed. R. Bankr. P. 3001(a). "The relevant form is Official Form 10 . . . .When a proof of claim is executed and filed in accordance with the provisions of Rule 3001 (including Official Form 10), it constitutes prima facie evidence of the validity and amount of the claim." *In re Kirkland*, 572 F.3d 838, 840 (10th Cir. 2009) (quotations and citations omitted).

4. the proof of claim must be filed with the Bankruptcy Court; and

5. based on the facts of the case, it would be equitable to allow the amendment.

966 F.2d at 1345. The parties call these the "*Reliance* factors."

As the bankruptcy court in this case noted, "The five elements for an informal proof of claim established in *Reliance* are in the *conjunctive*, i.e., the use of the word 'and' makes clear that each and every one of the five factors must be present." Aplt. App., Vol. 2 at 122.

## B. *Integrity's Bankruptcy Proceedings*

The claims bar deadline in this case was October 8, 2019. Eighty-four creditors filed timely proofs of claim, but Falcon filed its proof of claim on October 10, asserting "a total combined claim of $56,351,794 and secured claims of $13,000[,]000." *Id.* at 108.

Falcon averred it mistakenly filed late, stating "Proofs of Claim were prepared by counsel in July and approved by Falcon in August, three and two months before the bar date, respectively. Only by way of miscommunication within the law firm were Falcon's claims filed two days beyond the bar date." Suppl. App., Vol. 4 at 25.

On October 16, 2019, Falcon filed a "Motion for Amendment of Informal Proofs of Claim." Aplt. App., Vol. 1 at 130. It requested the bankruptcy court to "deem Falcon's informal proofs of claim amended by the filing of Falcon's formal proofs of claim and to relate the time of filing back to April 29, 2019—the date on which [it had previously filed a] motion for relief from stay." *Id.* The Trustee

4

opposed the motion, and the bankruptcy court denied it, applying the *Reliance* factors.

The bankruptcy court concluded that "none of Falcon's five filings/writings [it] relied upon or the schedules as prepared and filed by the Trustee [met all of] the first four requirements of the *Reliance* test." Aplt. App., Vol. 2 at 121.[2] Although the five filings met *Reliance*'s first and fourth requirements for a "writing" "filed with the Bankruptcy Court," they did not, the court concluded, satisfy the second and third requirements for "a demand by the creditor on the debtors' estate" and an expression of "intent to hold the debtor liable for the debt." *See* Aplt. App., Vol. 2 at 220 (citing *Reliance*, 966 F.2d at 1345).

---

[2] At the hearing on its motion, Falcon relied on five documents it filed in the bankruptcy case before the October 8 deadline to support its "informal proof of claim" theory:

(1) Motion for Relief from Automatic Stay, Abandonment of Property and Waiver of Rule 4001 filed jointly by Falcon and the state court receiver, David R. Payne, on April 29, 2019[;]

(2) Amendment to Motion for Relief from Automatic Stay, for Abandonment of Property and Waiver of Rule 4001 filed jointly by Falcon and the state court receiver, David R. Payne, on May 1, 2019[;]

(3) Notice of Withdrawal of Motion for Relief from the Automatic Stay, for Abandonment of Property and Waiver of Rule 4001 filed jointly by Falcon and the state court receiver, David R. Payne, on May 23, 2019[;]

(4) Reply of [Falcon] to B&T Rentals, Inc.'s Response to Trustee's Motion to Sell filed July 12, 2019[; and]

(5) Response of [Falcon] to Petitioning Creditors' Application for Recognition and Allowance of Administrative Expense Claim for Filing Involuntary Petition Pursuant to 11 U.S.C. §§ 503(b)(3)(A) and (b)(4) filed August 16, 2019.

Aplt. App., Vol. 2 at 113 (italics and record citations omitted). The bankruptcy court said that Falcon's additional reliance on Schedule D was misplaced because the Trustee filed it on behalf of the debtor. *See id.* at 113 n. 6, 119-20.

The bankruptcy court further found that Falcon did not meet the fifth factor either because the equities did not favor applying the informal proof of claim doctrine. The court therefore denied the motion and concluded "Falcon's payment and priority of its claim, represented by its tardily filed proofs of claim . . . shall be governed by 11 U.S.C. § 726." *Id.* at 125.

Falcon appealed under 28 U.S.C. § 158(c) to the district court, which reversed. The district court disagreed with the bankruptcy court that Falcon had failed to meet *Reliance*'s "demand" and "intent" factors. It also concluded that the bankruptcy court abused its discretion in finding the equities disfavored application of the informal proof of claim doctrine. It agreed with the bankruptcy court that Falcon was a sophisticated and counseled creditor, had notice of the claims bar date, and was "intimately involved" in the bankruptcy case. Aplt. App., Vol 3 at 52-53. But the district court thought Falcon's status as Integrity's largest creditor, no claim of prejudice from any party based on the late filing, and the Trustee's knowledge of Falcon's claim before the deadline outweighed these considerations. The district court's equities analysis left it "with a definite and firm conviction that the bankruptcy court made a mistake," *id.* at 55 (quotations omitted), so it reversed and remanded. This appeal followed.

## II. **JURISDICTION**

Our appellate jurisdiction over bankruptcy cases is limited to review of final decisions. *See* 28 U.S.C. § 158(d). "[A] decision of the district court on appeal from a bankruptcy judge's final order is not itself final if the decision remands the case to

6

the bankruptcy judge for significant further proceedings." *In re Com. Contractors, Inc.*, 771 F.2d 1373, 1375 (10th Cir. 1985) (quotations omitted), *abrogated in part on other grounds by Conn. Nat'l Bank v. Germain*, 503 U.S. 249 (1992); *see also Temex Energy, Inc. v. Underwood, Wilson, Berry, Stein & Johnson*, 968 F.2d 1003, 1005 (10th Cir. 1992) ("*Commercial Contractors* continues to provide the test for the finality of district court decisions in bankruptcy proceedings.")

Here, the district court remanded to the bankruptcy court. We ordered the Trustee to submit supplemental briefing on whether the remand was for "significant further proceedings" and whether the district court's order was final for purposes of our jurisdiction. *Id.*

On review of the supplemental brief, we conclude the Trustee appealed a final judgment. "In assessing whether we have jurisdiction over this appeal, we look to the practical effect of the [district court's] order." *In re Kirkland*, 572 F.3d 838, 839 n.1 (10th Cir. 2009). "[I]f matters on remand are unlikely either to generate a new appeal or to affect the issue that the disappointed party wants to raise on appeal from the order of remand, the district court's order is considered final." *In re Rex Montis Silver Co.*, 87 F.3d 435, 438 (10th Cir. 1996) (quotations and citation omitted).

The practical effect of the remand order was ministerial. The district court ordered the bankruptcy court to grant Falcon's motion to amend its informal proof of claim. It did not require the bankruptcy court to make further findings, conduct additional proceedings, or draw other legal conclusions. *See id.* ("[T]he district court's order of remand is not final when it requires the bankruptcy court to perform

more than a mere ministerial duty, or if it involves the exercise of considerable judicial discretion." (quotations omitted)).  The order meets the § 158(d) finality requirement, and we have appellate jurisdiction.

## III. **DISCUSSION**

### A. *Legal Background*

"In an appeal in a bankruptcy case, we independently review the bankruptcy court's decision, applying the same standard as the . . . district court."  *In re Baldwin*, 593 F.3d 1155, 1159 (10th Cir. 2010).  "In doing so, we treat the . . . district court as a subordinate appellate tribunal whose rulings are not entitled to any deference . . . ."  *In re Millennium Multiple Emp. Welfare Ben. Plan*, 772 F.3d 634, 638 (10th Cir. 2014) (quotations omitted).

As Falcon acknowledges, *see* Aplee. Resp. Br. at 28–29, and the district court agreed, Aplt. App., Vol. 3 at 46, the standard of review for the bankruptcy court's *Reliance* equities analysis is abuse of discretion—"we will not disturb a bankruptcy court's decision unless we have a definite and firm conviction that the bankruptcy court made a clear error of judgment or exceeded the bounds of permissible choice under the circumstances."  *In re Tanaka Bros. Farms, Inc.*, 36 F.3d 996, 998 (10th Cir. 1994) (citation omitted).  And "[w]hen reviewing for abuse of discretion . . . we may not substitute our own judgment for that of the [bankruptcy] court."  *Mid-Continent Cas. Co. v. Vill. at Deer Creek Homeowners Ass'n*, 685 F.3d 977, 981 (10th Cir. 2012).

## B. *Application*

As noted above, this court stated the *Reliance* factors in the conjunctive. Falcon thus must meet all of them to succeed. Failure on any one of them dooms its request for application of the informal proof of claim doctrine.

The bankruptcy court addressed all five *Reliance* factors and held that Falcon fell short on factors two, three, and five. Falcon therefore must show that the bankruptcy court erred on each of those factors. Because we conclude it has not shown an abuse of discretion on the fifth factor, we reverse the district court and do not need to consider the other factors.

The bankruptcy court concluded, under the fifth *Reliance* factor, that the equities did not favor Falcon's proposed amended informal proof of claim. It based this conclusion on Falcon's sophistication and representation by experienced counsel, its knowledge of the claims bar deadline, and its failure to articulate any compelling reason for missing it. These considerations have similarly persuaded other courts determining whether the equities favored an amended informal proof of claim.[3]

---

[3] *See, e.g.*, *In re Outboard Marine Corp.*, 386 F.3d 824, 828 (7th Cir. 2004) ("Perhaps most importantly, [creditor] has not offered any convincing justification or explanation for its untimely filing. Despite having actual knowledge of the Bar Date and being represented by counsel at all relevant times, [creditor] failed to timely file its proof of claim. . . . [Creditor's] problem is a self-inflicted wound, and it has no one to blame but itself for this predicament. This is not the case of an unsophisticated claimant confused by complex terms in a bankruptcy notice." (internal quotation marks omitted)); *In re Colley*, 570 B.R. 346, 350 (Bankr. E.D. Okla. 2017) (concluding "it would be inequitable to allow the untimely proof of claim by treating it as an amendment to the objection to confirmation. [Creditor] is a sophisticated creditor. [Creditor] had notice of the claims bar date.

(cont'd)

The district court concluded the bankruptcy court's analysis of these considerations was sound:

> It is certainly correct that Falcon was represented by experienced counsel, knew of the claims bar date, and articulated no compelling reason for missing the deadline. This is not a trivial issue—the administration of a bankruptcy proceeding depends upon an orderly application of the rules, so that procedural steps play out in a timely, organized way.

Aplt. App. vol. 3 at 53. It thought other equitable considerations outweighed the factors that swayed the bankruptcy court. *See id.* at 53–55. But even if these other considerations show the bankruptcy court could have resolved the fifth *Reliance* factor differently, they do not establish that the bankruptcy court abused its discretion.

On our review of the bankruptcy court's analysis of whether "it would be equitable" to grant Falcon's motion, *Reliance*, 966 F.2d at 1345, weighing the competing equities to reverse the bankruptcy court would amount to "substitut[ing] our own judgment for that of the [bankruptcy] court." *Mid-Continent*, 685 F.3d at 981. Although we do not fault the district court's analysis, we cannot say the bankruptcy court "ma[d]e a clear error of judgment or exceed[ed] the bounds of permissible choice under the circumstances," *Tanaka Bros.*, 36 F.3d at 998, when it denied

---

[Creditor] participated in this case. . . . [Creditor] was represented by counsel who regularly practices in this bankruptcy court."); *In re Fink*, 366 B.R. 870, 877 (Bankr. N.D. Ind. 2007) ("Attorneys, particularly experienced bankruptcy practitioners, . . . are expected to file the appropriate thing at the appropriate time."); *id.* at 872–80 (declining to use doctrine to excuse proof of claim filed one day after claims bar date).

Falcon's motion.  Rather, it made a reasonable and a permissible choice between competing equitable considerations.  It therefore did not abuse its discretion.

## IV. **CONCLUSION**

We reverse the judgment of the district court and affirm the judgment of the bankruptcy court.  We remand for further proceedings consistent with this opinion.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge