**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

| | | |
|---|---|---|
| In re: | ) | BAP No. NC-14-1562-DJuTa |
| | ) | |
| BOOKER THEODORE WADE, JR., | ) | Bk. No. 13-50376 |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| BOOKER THEODORE WADE, JR., | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | **M E M O R A N D U M**[1] |
| | ) | |
| FOREST VILLA HOMEOWNERS' | ) | |
| ASSOCIATION, | ) | |
| | ) | |
| Appellee. | ) | |
| _____ | ) | |

Submitted Without Argument
on October 23, 2015

Filed – November 17, 2015

Appeal from the United States Bankruptcy Court
for the Northern District of California

Honorable Stephen L. Johnson, Bankruptcy Judge, Presiding

Appearances:    Appellant Booker Theodore Wade, Jr. pro se on brief.

Before:  DUNN, JURY, and TAYLOR, Bankruptcy Judges.

---

[1]  This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8024-1.

1

The chapter 11[2] debtor objected ("Claim Objection") to the claim of his homeowners' association with respect to real property in which he claimed an exemption.  Debtor's bankruptcy case later was converted to chapter 7.  After the chapter 7 trustee filed a no asset report and the debtor's discharge was entered, the bankruptcy court entered an order overruling the Claim Objection both because the debtor lacked standing to prosecute the Claim Objection and because it lacked jurisdiction to adjudicate the Claim Objection. The debtor appealed.

For the reasons stated below, we AFFIRM.

## I.  FACTUAL BACKGROUND

Booker Theodore Wade, Jr. filed a chapter 11 case ("Bankruptcy Case") on January 22, 2013 ("Petition Date").  Mr. Wade included in his Schedules A and C real property in Palo Alto, California ("Property") in which he claimed a $175,000 statutory homestead exemption under Cal. Code of Civ. Proc. § 704.730.  As of the Petition Date the Property had a value of $710,250 but was encumbered by a consensual lien in the amount of $674,945 and a judgment lien in the amount of $739,693.[3]  Mr. Wade included in his Schedule F a debt owed to Forest Villa Homeowners Association

---

[2]  Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001–9037.  All "Civil Rule" references are to the Federal Rules of Civil Procedure.

[3]  On September 19, 2014, the bankruptcy court entered an order avoiding the judicial lien.

2

("HOA") in the amount of $45,000.

Thereafter, the HOA filed a timely proof of claim ("HOA Claim") for HOA assessments in the amount of $60,929.82. Mr. Wade objected to the HOA Claim, asserting that the amount of the HOA Claim should be reduced, either based on a prepetition agreement he had with the HOA or because the HOA Claim was based on excessive charges. The bankruptcy court conducted preliminary hearings on the Claim Objection on May 7, 2014 and June 18, 2014.

On July 14, 2014, the Bankruptcy Case was converted to chapter 7, and a chapter 7 trustee ("Trustee") was appointed. The Trustee filed a no-asset report, as well as a Statement of Position advising the bankruptcy court that he would not prosecute the Claim Objection. Mr. Wade, however, continued to pursue the Claim Objection. As a result, the bankruptcy court ordered briefing regarding his standing to do so and set a further hearing ("Standing Hearing") for argument on this point. Mr. Wade filed a timely response on the standing issue; neither the HOA nor the Trustee filed a response.

The day before the Standing Hearing, Mr. Wade's bankruptcy discharge was entered, and the bankruptcy court held a hearing on the HOA's motion for relief from the automatic stay ("Stay Relief Motion"). At that hearing, the bankruptcy court ruled that the Stay Relief Motion was moot as to Mr. Wade, where the automatic stay had dissolved upon entry of his discharge, but it was granted as to the bankruptcy estate where the Trustee had not opposed it. This ruling was reflected in the bankruptcy court's order ("Stay Relief Order"),

3

which stated, inter alia, "such relief will entitle [the HOA to] immediately move ahead with collection proceedings under the prevailing CCR's, including foreclosure proceedings as well as the recordation of lien and any and all action that becomes necessary to recover possession of the property and/or outstanding and unpaid assessments."  Mr. Wade did not appeal the Stay Relief Order.

Mr. Wade appeared in person at the Standing Hearing.  The bankruptcy court experienced technical difficulties with the Court Call connection through which counsel for the HOA was participating. Rather than reschedule the Standing Hearing to provide an opportunity for the HOA to argue its position, the bankruptcy court terminated the hearing because it believed that it had heard the HOA's position on the issue of Mr. Wade's standing in earlier proceedings.

Following the Standing Hearing, the bankruptcy court entered an order ("Claim Objection Order") overruling the Claim Objection on two bases.  First, the bankruptcy court determined that Mr. Wade lacked standing to pursue the Claim Objection where the bankruptcy estate was not a surplus estate.  Second, and more fundamentally, the bankruptcy court determined that it lacked jurisdiction where the HOA Claim raised no substantive bankruptcy issues, and the issues raised in the Claim Objection had no impact on the bankruptcy estate.

Mr. Wade timely appealed the Claim Objection Order.

## II.  JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334

4

and 157(b)(2)(B).  We have jurisdiction under 28 U.S.C. § 158.

## III.  ISSUES

Whether the bankruptcy court denied Mr. Wade procedural and/or substantive due process when it terminated the October 22 Hearing without allowing argument from the HOA's counsel.

Whether the bankruptcy court erred when it failed to determine the amount of the HOA Claim.

## IV.  STANDARDS OF REVIEW

We review de novo whether a litigant's due process rights were violated.  DeLuca v. Seare (In re Seare), 515 B.R. 599, 615 (9th Cir. BAP 2014).

"Standing is an issue of law which we review de novo." Palmdale Hills Prop., LLC v. Lehman Comm. Paper, Inc. (In re Palmdale Hills Prop., LLC), 654 F.3d 868, 873 (9th Cir. 2011)("standing is a necessary component of subject matter jurisdiction.").  Similarly, we review de novo questions of subject matter jurisdiction.  Wilshire Courtyard v. Cal. Franchise Tax Bd. (In re Wilshire Courtyard), 729 F.3d 1279, 1284 (9th Cir. 2013); In re G.I. Indus., Inc., 204 F.3d 1276, 1279 (9th Cir. 2000). De novo means that we review a matter anew, as if no decision previously had been rendered.  Dawson v. Marshall, 561 F.3d 930, 933 (9th Cir. 2009).

We may affirm the bankruptcy court's orders on any basis supported by the record.  See ASARCO, LLC v. Union Pac. R. Co., 765 F.3d 999, 1004 (9th Cir. 2014); Shanks v. Dressel, 540 F.3d 1082, 1086 (9th Cir. 2008).

5

## V.  DISCUSSION

A.  <u>The Bankruptcy Court Did Not Deny Mr. Wade Due Process</u>.

We address first Mr. Wade's issue on appeal that the bankruptcy court denied him procedural and substantive due process when it terminated the Standing Hearing without allowing additional argument from the HOA.  In Mr. Wade's view, not allowing oral argument by the HOA precluded him from responding.  Mr. Wade's argument on appeal turns the issue of due process on its head.  By refusing to take further argument from the HOA, the bankruptcy court merely foreclosed the HOA from raising anything new.  Mr. Wade was not harmed by the bankruptcy court closing the record to any new issue the HOA might raise in argument.

In any event, no due process issue properly is before us where Mr. Wade never raised it in the bankruptcy court in the first instance.

B.  <u>The Bankruptcy Court Lacked Jurisdiction Over the Claim Objection</u>.

Mr. Wade asserts that the bankruptcy court erred by not deciding the Claim Objection, because § 502(b) provides that when an objection to a claim is made, the bankruptcy court "<u>shall</u> determine the amount of the claim . . . ."  However, construing this language in a vacuum results in a nonsensical interpretation.

Section 501(a) states "[a] creditor . . . may file a proof of claim. . . ."  As addressed in the legislative history,

> **This subsection is permissive only,** and does not require filing of a proof of claim by any creditor.  It permits filing where some purpose would be served, such as

6

> where . . . a creditor with a lien is undersecured and asserts a claim for the balance of the debt owed him (his unsecured claim, as determined under proposed 11 U.S.C. 506(a)), or in a liquidation case where there will be a distribution of assets to the holders of allowed claims. **In other instances, such as in no-asset liquidation cases . . . filing a proof of claim may simply not be necessary**.

H. Rept. No. 95-595 to accompany H.R. 8200, 95th Cong., 1st Sess. (1977), at pp. 351, 352. (Emphasis added.)

Recently, the Ninth Circuit discussed in basic terms "The Life of a Bankruptcy Case." HSBC Bank USA, National Association v. Blendheim (In re Blendheim), 803 F.3d 477, 484-85 (9th Cir. 2015). We restate a portion of that discussion here to explain the purpose of the claims process.

> A bankruptcy case begins with the filing of a petition and the creation of an estate, which comprises the debtors' legal and equitable interests in property . . . . The filing of the petition triggers an automatic stay, prohibiting all entities from making collection efforts against the debtor or the property of the debtor's estate . . . . To collect [from a bankruptcy estate] on a debt, a creditor must hold a "claim," or a right to payment . . . which has been "allowed" by the bankruptcy court . . . . Every claim must go through the allowance process set forth in 11 U.S.C. § 502 before the claim holder is **entitled to participate in the distribution of estate assets**.

Id. (emphasis added; citations omitted).

The point here is that the primary purpose for the claims adjudication process in a bankruptcy case is to determine whether and to what extent a creditor is allowed to share in any distribution that will be made from the bankruptcy estate. Serving that objective is meaningless in the context of a no-asset chapter 7 case. "In no-asset chapter 7 liquidation cases, the filing of a proof of claim serves no practical purpose since there will be no

7

distribution from the estate in which to participate." 4 <u>Collier on Bankruptcy</u> ¶ 501.01[3][b] (Alan N. Resnick & Henry J. Sommer, eds., 16th ed. rev.).

The fact that there will be no distribution from the estate impacts the bankruptcy court's jurisdiction over the dispute between Mr. Wade and the HOA regarding the amount of HOA assessments and other charges that Mr. Wade might owe. As we are ever mindful, bankruptcy courts are courts of limited jurisdiction. <u>See</u> <u>Stern v. Marshall</u>, 564 U.S. 2 (2011). By statute, the bankruptcy court's core jurisdiction extends only to the "allowance or disallowance of claims **against the estate . . . .**" 28 U.S.C. § 157(b)(2)(B) (emphasis added).[4]

The jurisdiction of the bankruptcy court evaporated when the

---

[4] Absent the chapter 11 case in which the HOA Claim actually was filed, we doubt there ever would have been a claim to adjudicate in the bankruptcy case.

> [F]or creditors holding liens secured by property, filing a proof of claim and participating in the allowance process — indeed, participating in the bankruptcy process as a whole — is completely voluntary. A creditor with a lien on a debtor's property may generally ignore the bankruptcy proceedings and decline to file a claim without imperiling his lien, secure in the in rem right that the lien guarantees him under non-bankruptcy law: the right of foreclosure.

<u>Blendheim</u>, 803 F.3d at 485, citing <u>U.S. Nat'l Bank in Johnstown v. Chase Nat'l Bank of N.Y.C.</u>, 331 U.S. 28, 33 (1947) (a secured creditor "may disregard the bankruptcy proceeding, decline to file a claim and rely solely upon his security if that security is properly and solely in his possession").

8

Stay Relief Order, which authorized the HOA to exercise its in rem state law rights vis à vis the Property outside of the bankruptcy case, was entered.  The Trustee did not oppose stay relief, having previously filed a no-asset report, determining that he would not liquidate the Property for the benefit of the estate.  As a result, entry of the Stay Relief Order had no impact on the bankruptcy estate.

C.    Mr. Wade Lacked Standing to Prosecute the Claim Objection.

"[O]rdinarily [the chapter 7 trustee] would be the party with standing to litigate the allowance or disallowance of claims." Heath v. Am. Express Travel Related Svcs. Co., Inc. (In re Heath), 331 B.R. 424, 429 (9th Cir. BAP 2009), citing In re Jorczak, 314 B.R. 474, 479 (Bankr. D. Conn. 2004)(debtors only have standing to object to claims where there is "a sufficient possibility" of a surplus to give them a pecuniary interest).  See also 4 Collier on Bankruptcy ¶ 502.02[2][c] (Alan N. Resnick & Henry J. Sommer, eds., 16th ed. rev.).

Because this was a no asset case, Mr. Wade did not have a pecuniary interest in defeating any claim asserted against his bankruptcy estate.  He therefore lacked standing to prosecute the Claim Objection.

On appeal, Mr. Wade asserts that the mere fact that the HOA Claim was filed in an amount in excess of the amount Mr. Wade believed he owed necessarily implicates his pecuniary interest, because it could serve to diminish the amount of any exemption to which he might be entitled.  We disagree.

9

First, in the absence of a timely objection to Mr. Wade's claim of exemption in the Property, the bankruptcy court allowed the exemption for purposes of the bankruptcy case only. In a separate decision we reject Mr. Wade's assertion that the bankruptcy court erred when it refused, in effect, to determine that the allowance of the exemption was binding in subsequent state court proceedings. Second, the entry of Mr. Wade's discharge served to bar the HOA from seeking to collect any amounts owed directly from Mr. Wade personally, as opposed to in rem against the Property. Accordingly, the bankruptcy court correctly determined that Mr. Wade, personally, had no standing to pursue an objection to the HOA Claim in the bankruptcy case context.

## VI.    CONCLUSION

The bankruptcy court took no action in violation of Mr. Wade's due process rights with respect to the Claim Objection proceedings. The bankruptcy court appropriately determined it lacked jurisdiction over the dispute regarding the amount of the debt to the extent the HOA claimed a lien against the Property, because the Stay Relief Order removed the dispute from the bankruptcy case altogether. Further, entry of the discharge imposed a bar to collection by the HOA of its debt directly from Mr. Wade. That, together with the fact that the bankruptcy case was a no asset case, demonstrate that Mr. Wade had no pecuniary interest to protect with respect to his bankruptcy estate in connection with the Claim Objection.

We therefore AFFIRM.